# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM CONSIGLIO, JR.,<br><br>Plaintiff,<br><br>v.<br><br>EDMUND G. BROWN, et al.,<br><br>Defendants. | Case No. 1:16-cv-01268-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DENYING PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTION<br><br>(ECF No. 1)<br><br>THIRTY DAY DEADLINE |

Plaintiff Sam Consiglio, Jr. is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff declined United States Magistrate Judge jurisdiction; therefore, this action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 26, 2016, Plaintiff filed his complaint in this action. In his complaint, Plaintiff requests a preliminary injunction.

**I.**

**DISCUSSION**

A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. "A preliminary injunction … is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of right before judgment." Sierra On-Line, Inc.

1  v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. V. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc., v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff states that he seeks a preliminary injunction to prevent 9 C.C.R. § 4350 and 9 C.C.R. § 891 from being enforced during the pendency of this action. On April 7, 2017, the Court issued an order for Plaintiff to notify the Court if he wants to proceed on the claims found to be cognizable or amend his complaint. (ECF No. 7.) The Court found that Plaintiff has alleged sufficient facts to state plausible claims that Sections 4350 and 891 amount to punishment.

However, as the Court noted, Defendants may be able to provide reasonable justifications for Section 4350's ban on the relevant devices and Section 891's ban on the internet. While Plaintiff has alleged enough facts to plead a claim, he has not shown that he is likely to succeed on the merits of his claims. There also is no indication that Plaintiff is in immediate need of the relief he seeks and is under significant threat of irreparable harm without a preliminary injunction. Plaintiff has also not demonstrated that the balance of equities tips in his favor, or that an injunction is in the public interest.

Thus, Plaintiff has not made the showing required to meet his burden as the party moving for preliminary injunctive relief. As Plaintiff has failed to meet his burden of proving that he is entitled to a preliminary injunction, his request for a preliminary injunction should be denied.

///

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's request for a preliminary injunction be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __April 7, 2017__

UNITED STATES MAGISTRATE JUDGE