# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM CONSIGLIO, JR., <br><br> Plaintiff, <br><br> v. <br><br> EDMUND G. BROWN, et al., <br><br> Defendants. | Case No. 1:16-cv-01268-AWI-SAB (PC) <br><br> FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS <br><br> (ECF Nos. 1, 8, 9) <br><br> **FOURTEEN-DAY DEADLINE** |

Plaintiff Sam Consiglio, Jr., is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

On April 7, 2017, the Court screened Plaintiff's complaint filed on August 26, 2016, and found that Plaintiff stated cognizable a claim against Defendants Edmund Brown, Governor of the State of California, Pamela Ahlin, Director of the California Department of State Hospitals, and Audrey King, Executive Director of CSH, in their official capacities, based on allegations that the prohibitions in 9 C.C.R. § 891 ("Section 891") and 9 C.C.R. § 4350 ("Section 4350") amount to punishment in violation of the Fourteenth Amendment.[1] (ECF No. 8.) The Court

---
[1] Plaintiff pleaded that Section 891 prohibits non-LPS patients, such as sexually violent predators ("SVP"), from having any access to the internet, and that Section 4350 prohibits all patients in the custody of state hospitals from possessing any electronic devices with wireless capabilities, including but not limited to cell phones, computers, PDAs, electronic gaming devices, and graphing calculators with

found that Plaintiff failed to state any other cognizable claims. Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). The Court ordered Plaintiff to either file an amended complaint curing the deficiencies identified, or notify the Court that he is willing to proceed only on his cognizable claim.

On April 27, 2017, Plaintiff filed a notice stating that he does not intend to amend and is willing to proceed only on the claim found cognizable by the Court. (ECF No. 9.) Therefore, the Court will recommend that this case proceed only on the claim identified above, and that all other claims be dismissed, for the reasons explained in the April 7, 2017 screening order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (court should identify the deficiencies in the complaint and grant Plaintiff opportunity to cure deficiencies prior to dismissal).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's claim against Defendants Edmund Brown, Governor of the State of California, Pamela Ahlin, Director of the California Department of State Hospitals, and Audrey King, Executive Director of CSH, in their official capacities, based on allegations that the prohibitions in Section 891 and Section 4350 amount to punishment in violation of the Fourteenth Amendment; and

2. All other claims be dismissed for failure to state a claim upon which relief could be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provision of 28 U.S.C. §636 (b)(1)(B). Within **fourteen (14) days** after being served with these Finding and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Findings and Recommendations."

///

---

internet capabilities. Plaintiff further pleaded that he is a civil detainee being held at Coalinga State Hospital as a SVP, according to California's Sexually Violent Predator Act, Cal. Welf. & Instit. Code §§ 6600 et seq.

2

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **April 28, 2017**

UNITED STATES MAGISTRATE JUDGE