**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAM CONSIGLIO, JR., <br><br> Plaintiff, <br><br> v. <br><br> EDMUND G. BROWN, et al., <br><br> Defendants. | Case No.: 1:16-cv-01268-AWI-SAB (PC) <br><br> ORDER GRANTING PLAINTIFF'S SECOND REQUEST FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION TO DISMISS <br><br> [ECF No. 29] |

**I.**

**INTRODUCTION**

Plaintiff Sam Consiglio, Jr., is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 19, 2017, Defendant Brandon Price filed a motion to dismiss. (ECF No. 26.)

Currently before the Court is Plaintiff's filing titled, "Informal Motion for Emergency Injunctive Relief on Recently Revised Section 4350 of Title 9," filed on January 24,, 2018. (ECF No. 29.) Much of the motion describes the procedural history of this matter, and Plaintiff's request for an extension of time to respond to the pending motion to dismiss. Plaintiff also states that he seeks appointed counsel. The Court will address those two requests in this order.

///

Plaintiff also states that he "feels compelled to plead for this Court to order an immediate injunction of the amended section 4350 until this matter can be properly adjudicated." Defendants have not yet had opportunity to respond to Plaintiff's request for emergency injunctive relief. Defendants' response is due within twenty-one (21) days of Plaintiff's motion. Plaintiff may then file a reply within seven (7) days of the date of service of Defendants' response. Local Rule 230(l). Separate findings and recommendations will issue on Plaintiff's request for emergency injunctive relief after the time for briefing that request has expired.

## II.

## EXTENSION OF TIME

Plaintiff states that since his first request for an extension of time was granted, the California Office of Administrative Law approved amendments to section 4350, and the hospital officials are attempting to seize property, including hard drives and flash drives. Patients became angry, and on January 13, 2018, Defendant Price placed the hospital on total lockdown, including no phone, law library, newspaper, or typewriter access. Plaintiff has also been denied access to his legal assistant. As a result, Plaintiff seeks a thirty (30) day extension of time to file his response to the pending motion to dismiss. Good cause being shown, Plaintiff's request for a thirty (30) day extension of time will be granted.

## III.

## REQUEST FOR APPOINTED COUNSEL

Plaintiff also states in a single-sentence in the conclusion of his motion, as follows: "Please consider appointing Janice Bellucci or any other attorney." (ECF No. 5.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

///

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Here, the Court does not find the required exceptional circumstances. The record reflects that Plaintiff is able to adequately articulate his claim, and the issues raised here are not particularly complex. Furthermore, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Thus, to the extent that Plaintiff is requesting court-appointed counsel, that request will be denied.

## IV.
## CONCLUSION

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's request for an extension of time to file a response to Defendant Price's motion to dismiss is granted. Plaintiff's response is due within thirty (30) days of this order;

2. Plaintiff's request for the appointment of counsel is denied; and

3. Defendants shall respond to Plaintiff's request for emergency injunctive relief within twenty-one (21) days of the date of service of Plaintiff's motion. Plaintiff shall have seven (7) days from the date of service of service of the response to file a reply. Local Rule 230(l). Plaintiff is not precluded from seeking an extension of time, if necessary, upon a showing of good cause.

IT IS SO ORDERED.

Dated: **January 25, 2018**

UNITED STATES MAGISTRATE JUDGE