**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAM CONSIGLIO, JR.,<br><br>Plaintiff,<br><br>v.<br><br>EDMUND G. BROWN, et al.,<br><br>Defendants. | Case No.: 1:16-cv-01268-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR THE APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br>[ECF No. 34]<br><br>ORDER DIRECTING CLERK'S OFFICE TO PROVIDE COPIES, AND GRANTING PLAINTIFF EXTENSION OF TIME TO RESPOND TO MOTION TO DISMISS<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Sam Consiglio, Jr., is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second motion for the appointment of counsel filed on February 20, 2018. (ECF No. 34.) In support of his request, Plaintiff states that he understands his response to Defendant Price's motion to dismiss is due, as he has been granted several extensions of time to oppose it. However, all of his flash drives and hard drives were confiscated, and his legal documents were on the flash drives and hard drives. Plaintiff states that he requires counsel based on the confiscation of his legal documents from this case, and if his request for counsel is denied, he requires copies of the case filings in this matter.

As Plaintiff was previously informed, he not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296,

1

298 (1989). However, in certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Here, the Court does not find the required exceptional circumstances. The record reflects that Plaintiff is able to adequately articulate his claim, and the issues raised here are not particularly complex. Furthermore, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. That Plaintiff's flash drives and hard drives containing his legal documents were recently confiscated is not sufficient to require that he be appointed counsel in this matter, although this Court will address this matter further below given Plaintiff's assertions.

Ordinarily, a plaintiff's request for free copies of filings would be denied. Although the Court has granted leave for him to proceed in forma pauperis, this generally does not entitle him to free copies of documents from the Court. E.g., Hullom v. Kent, 262 F.2d 862, 863 (6th Cir. 1959). The Clerk charges $.50 per page for copies of documents. See 28 U.S.C. § 1914(b). Copies of up to twenty pages may be made by the Clerk's Office at this Court upon written request, prepayment of the copy fees, and submission of a large, self-addressed stamped envelope.

However, in the interests of justice and to avoid any further delay in this case, the Court will make a one-time exception and grant Plaintiff a copy of his complaint in this matter, (ECF No. 1), and a copy of Defendant Price's motion to dismiss the complaint, (ECF No. 26). The Clerk of the Court will be directed to make the copies and serve them on Plaintiff with this order, which will enable him to prepare an opposition to Defendant Price's motion to dismiss. The Court will also grant Plaintiff one final thirty (30) day extension of time to file his opposition to Defendant Price's motion to dismiss, on the basis of good cause shown.

///

///

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion requesting the appointment of counsel, filed on February 20, 2018 (ECF No. 34), is HEREBY DENIED, without prejudice;

2. Plaintiff's request for copies is granted, in part. The Clerk of the Court is respectfully directed to make one (1) copy of the complaint filed on August 26, 2016 (ECF No. 1), and one (1) copy of Defendant Price's motion to dismiss, with supporting documents, filed on December 19, 2017 (ECF Nos. 26, 26-1, 26-1, and 26-3), and serve the copies on Plaintiff with this order; and

3. Plaintiff's response to Defendant Price's motion to dismiss is due within thirty (30) days of this order.

IT IS SO ORDERED.

Dated: **February 23, 2018**

UNITED STATES MAGISTRATE JUDGE