# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM CONSIGLIO, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>EDMUND G. BROWN, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01268-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANT AHLIN AND BROWN'S MOTION TO DISMISS BE GRANTED IN PART, (ECF No. 16), AND THAT DEFENDANT PRICE'S MOTION TO DISMISS, (ECF No. 26), BE DENIED<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Sam Consiglio, Jr. is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court are Defendants' motions to dismiss. (ECF No. 16, 26.)

## I.

## RELEVANT BACKGROUND

This case proceeds against Defendants Edmund Brown, Governor of the State of California, Pamela Ahlin, Director of the California Department of State Hospitals, and Brandon Price, Executive Director of the Department of State Hospitals-Coalinga ("CSH"), in their official capacities.[1]

Plaintiff is a civil detainee at CSH. Plaintiff asserts a claim that a ban on certain

---

[1] Audrey King, the former Executive Director of CSH, was formerly a party to this action, but Brandon Price was substituted as the new Executive Director. Fed. R. Civ. P. 25(d) (when a public officer who has been sued in her official capacity leaves office, "[t]he officer's successor is automatically substituted as a party."). (ECF No. 25.)

1

electronic devices at CSH pursuant to 9 C.C.R. § 891 ("Section 891") (which prohibits non-LPS patients, such as sexually violent predators, from having any access to the internet) and 9 C.C.R. § 4350 ("Section 4350") (which prohibits all patients in the custody of state hospitals from possessing any electronic devices with wireless capabilities, including but not limited to cell phones, computers, PDAs, electronic gaming devices, and graphing calculators with internet capabilities), amounts to punishment in violation of the Fourteenth Amendment.

The Court issued findings and recommendations that this case proceed on the above-described claim on May 1, 2017, (ECF No. 10), which were adopted on June 28, 2017, (ECF No. 12.) Service of process was initiated on June 29, 2017. (ECF No. 13.)

On October 2, 2017, Defendants Brown and Ahlin filed a motion to dismiss the claim against them. (ECF No. 16.) Plaintiff filed an opposition on October 26, 2017. (ECF No. 18.) On November 9, 2018, Defendants Brown and Ahlin filed a reply to the opposition, on extension. (ECF No. 20.)

On December 19, 2017, Defendant Price, having recently been substituted as a defendant in this action, filed a motion to dismiss. (ECF No. 26.) Plaintiff filed an opposition on March 23, 2018, following several extensions of time. (ECF No. 43.) On April 3, 2018, Defendant Price filed a reply to the opposition, on extension. (ECF No. 46.)

Defendants' motions to dismiss are now deemed submitted. Local Rule 250(l).

## II.

## LEGAL STANDARDS

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

### III.

### DISCUSSION

**1. Summary of Relevant Complaint Allegations**

As noted above, Plaintiff is a civil detainee and patient at CSH. He is being held as a Sexually Violent Predator ("SVP") according to California's Sexually Violent Predator Act. Cal. Welf. & Instit. Code §§ 6600 et seq.

Under Section 891, non-LPS patients, such as SVPs, are prohibited from having any access to the internet. Under Section 4350, all patients in the custody of state hospitals are prohibited from possessing any electronic devices with wireless capabilities, including but not limited to cell phones, computers, PDAs, electronic gaming devices, and graphing calculators with internet capabilities.[2]

According to Plaintiff, the internet is a patchwork of information from sources, most of them being purveyors of information and other lawful products offered in interstate, and even, worldwide commerce. Through the above-described ban, Plaintiff is prevented from seeking out available expert witnesses and other defense experts whose expertise is defending those accused of being SVPs. Plaintiff is prevented from seeking out available attorneys whose expertise is

---

[2] These regulations were recently amended, as discussed further below.

3

1 defending those who are accused of being SVPs. That access to information is unreasonably 2 restricted at CSH, because telephone books and newspapers are prohibited, and fees must be paid 3 for other information. Collect telephone calls are only available at exorbitant rates, and AT&T 4 no longer will make collect calls. Plaintiff, as a person without funds, is blocked from receiving 5 legal services and advice without payment in advance.

Prior to 2009, previous Executive Directors permitted patients to possess and own personal computers, but prohibited hardware, accessories, software, or other media that allowed communication with other individuals by computer or electronic devices via any form of wired or wireless capability. The patients' personal computers that were permitted prior to October 2009 had to be modified to eliminate any capability of communication with other individuals by computer or electronic device via any form of wired or wireless capability.

In October 2009, Section 4350 was enacted, which banned patient use of personal computers and electronic devices with wireless capabilities, and effectively declared items already in patients' possession to be contraband. Section 4350 is unnecessary, arbitrary, and oppressive because civil detainees at CSH could own personal computers with restricted access prior to October 2009.

### 2. Parties' Arguments

Defendants argue that Plaintiff's complaint should be dismissed because it is barred by the applicable two-year statute of limitations. Further, Defendant Brown argues that Plaintiff has failed to state a cognizable claim against him. Finally, Defendants assert that these defects are not curable, and therefore no leave to amend should be granted.

Plaintiff argues that his claim is not time-barred, based on the time when he discovered his claim, equitable tolling, and the continuing tort doctrine. Plaintiff also argues that recent amendments to the regulations constitute a continuing violation of his constitutional rights.

In reply, Defendants argue that no equitable tolling applies here. Further, they argue that the continuing violation exception or continuing tort doctrine does not apply to this case. Finally, Defendants argue that the recent amendments Plaintiff cites have mooted this action.

///

### 3. Analysis
#### a. Mootness

The Court first addresses the issue of whether this action is now moot due to a change in the law. "Mootness is the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." Native Village of Noatak v. Blatchford, 38 F.3d 1505, 1509 (9th Cir. 1994) (internal quotations and citation omitted). "Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990) (citations omitted). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id.

"A statutory change . . . is usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit is dismissed. As a general rule, if a challenged law is repealed or expires, the case becomes moot." Native Village of Noatak, 38 F.3d at 1510. There are rare exceptions to this general rule. Id. Such exceptions "typically involve situations where it is virtually certain that the repealed law will be enacted." Id.; see, e.g., City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 289 & n. 11 (1982) (finding that case not rendered moot by new ordinance where city had previously amended an ordinance but subsequently reverted to the old regulations once the state court judgment issued and had announced that it was not prohibited from reenacting precisely the same provision if the district court's judgment was vacated). Mootness may also be avoided "where a repeal or amendment is part of a bad faith attempt by the government to avoid judicial review or where the government has enacted a substantially similar law." Get Outdoors II, L.L.C. v. City of Lemon Grove, 378 F. Supp. 2d 1232, 1239 (S.D. Cal. 2005) (citing City of Mesquite, 455 U.S. at 289).

In this case, Plaintiff challenges Section 891 and Section 4350 as they were promulgated in October 2009, banning SVPs from having any access to the internet, and from possessing any electronic devices with wireless capabilities, including but not limited to cell phones, computers, PDAs, electronic gaming devices, and graphing calculators with internet capabilities,

respectively. (Compl., ECF No. 1, at 4 ¶¶ 14-22.) In January 2018, Section 4350 was amended, and now prohibits patients, including Plaintiff, from possessing electronic devices that are capable of being connected to the internet, including computers, cell phones, personal digital assistants, graphing calculators, and radios, and electronic devices without native capabilities but that be modified for network communication. Cal. Code Regs. tit. 9, § 4350(a). Digital recording devices, voice or visual recording devices, or items with memory storage ability are also prohibited, Cal. Code Regs. tit. 9, § 4350(a) (2–4), but patients are permitted to possess some commercially produced CDs and DVDs, some media players without internet access, and may access certain digital media on a supervised basis. See Cal. Code Regs. tit. 9, § 4350(b).[3]

This case proceeds on Plaintiff's Fourteenth Amendment claim that Sections 4350 and 891 amount to punishment, based on allegations that their combined ban on the internet and relevant devices are excessively punitive considering their intended purpose, which allegedly could be accomplished through less-restrictive means. The new, amended Section 4350, although differing in some respects from the prior regulation, still contains the same ban on devices with internet capabilities. In fact, the new ban is more restrictive than the prior ban, as it now prohibits patients from possessing additional devices, including those without native capabilities that can be modified for network communication.

The law here is substantially similar enough to the previous version of Section 4350 that Plaintiff's challenge to the law in this action is not moot. "City of Mesquite does not stand for the proposition that it is only the possibility that the selfsame statute will be enacted that prevents a case from being moot; if that were the rule, a defendant could moot a case by repealing the challenged statute and replacing it with one that differs only in some insignificant respect." Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, Fla., 508 U.S. 656, 662 (1993) (discussing that new ordinance which merely disadvantaged petitioner to a lesser

---

[3] Under the Federal Rules a court may take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice may be taken "of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). Therefore, the Court will take judicial notice of the California Code of Regulations.

degree than the old ordinance did not moot controversy). Here, the gravamen of Plaintiff's complaint is that depriving him of a personal computer with restricted access amounts to punishment in violation of the Fourteenth Amendment, and is an excessive ban considering the circumstances. The new regulation prohibits Plaintiff from possessing the computer he seeks in the same fundamental way.

Finding that this case is not moot, the Court next turns to the parties' arguments regarding the applicable statute of limitations.

### b. Statute of Limitations

Defendants argue that a two-year statute of limitations applies in this case, which began to run when Plaintiff's residence at CSH began on November 29, 2012, as he knew or should have known that the challenged regulations did not permit the personal computer he seeks. Because Plaintiff's complaint was filed on August 26, 2016, more than a year after the expiration of the two-year statute of limitations period, Defendants argue that this action should be dismissed as untimely.

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914. California's statute of limitations for personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55.

Here, the parties dispute when Plaintiff's claim began to accrue. Defendants argue that it began to accrue when Plaintiff arrived at CSH, since he either knew or should have known at that time that the device he sought was barred by the challenged regulations. Plaintiff disputes this, arguing that his claim began to accrue only when he sought to have a computer shipped to him, and in fact learned of the restrictions on the device. Plaintiff has also submitted a declaration

7

1 that although he was committed to CSH on November 29, 2012, he did not actually arrive at the
2 hospital until December 12, 2012. (Pl.'s Decl., Doc. 43, at 8 ¶ 1.)

3 Federal law determines when a civil rights claim accrues in federal court. Canatella v.
4 Van De Kamp, 486 F.3d 1128, 1133 (9th Cir. 2007) (quoting Maldonado v. Harris, 370 F.3d
5 945, 955 (9th Cir. 2004)). Under federal law, "a claim accrues when the plaintiff knows or has
6 reason to know of the injury which is the basis of the action." Id. (quoting TwoRivers v. Lewis,
7 174 F.3d 987, 991 (9th Cir. 1999)). Therefore, in this case Plaintiff's claim accrued when he
8 became detained at CSH and should have known of the conditions of confinement, including the
9 bans under the challenged regulations. The statute of limitations expired two years later. Even
10 taking Plaintiff's allegations as true that he did not arrive at CSH until December 12, 2012,
11 Plaintiff's action was not commenced within two years from that date, and therefore the question
12 in this case is whether any tolling provisions apply to Plaintiff's claim.

13 In actions where the federal court borrows the state statute of limitations, courts should
14 also borrow all applicable provisions for tolling the limitations period found in state law, except
15 to the extent that they are inconsistent with federal law. Jones, 393 F.3d at 927. California law
16 allows for the tolling of the statute of limitations during a period of "disability" while a plaintiff
17 is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a
18 term less than for life." Cal. Civ. Proc. Code § 352.1. The tolling may not exceed two years.
19 See id. It is defendant's burden to prove that plaintiff filed his claims after the expiration of the
20 statute of limitations, but it is plaintiff's burden to show he is entitled to equitable tolling. Payan
21 v. Aramark Management Services Ltd. Partnership, 495 F.3d 1119, 1122 (9th Cir. 2007) (statute
22 of limitations); United States v. Marolf, 173 F.3d 1213, 1218 n. 3 (9th Cir. 1999) (equitable
23 tolling).

24 By its terms, Section 352.1 does not apply to civil detainees. See Jones, 393 F.3d at 927
25 ("the literal language of the statute does not cover Jones, a civil detainee"). Nevertheless, by
26 applying California's doctrine of equitable tolling, the Ninth Circuit has found that "a
27 continuously confined civil detainee who has pursued his claim in good faith" may take
28 advantage of tolling. Id. at 930; see also Fink v. Shedler, 192 F.3d 911, 916 (9th Cir. 1999)

(requirements for equitable tolling in California). The Ninth Circuit found that "'actual, uninterrupted incarceration is the touchstone' for applying California's tolling provision for the disability of imprisonment," Jones, at 928 (quoting Elliott v. City of Union City, 25 F.3d 800, 803 (9th Cir. 1994)), and that the rationale behind the rule "applies with equal force to the case of an individual continuously detained under civil process," id. The Ninth Circuit observed that, "[l]ike criminal inmates, civil detainees litigate under serious disadvantages. The civilly confined are limited in their ability to interview witnesses and gather evidence, their access to legal materials, their ability to retain counsel, and their ability to monitor the progress of their lawsuit and keep abreast of procedural deadlines." Id. at 929.

"Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: '(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith.'" Fink, 192 F.3d at 916 (quoting Bacon v. City of Los Angeles, 843 F.2d 372, 374 (9th Cir. 1988)). Defendants argue that Plaintiff is not entitled to equitable tolling because he did not pursue administrative remedies prior to filing suit. They argue that had Plaintiff done so, it would have provided notice to Defendants, would have mitigated the prejudice to them brought about by delay, and would have shown reasonable, good faith conduct in pursuing his claim.

California law makes equitable tolling automatic where exhaustion of an administrative remedy is mandatory prior to filing suit, and allows equitable tolling in certain circumstances of the voluntary pursuit of an alternative remedy. See McDonald v. Antelope Valley Cmty. Coll. Dist., 45 Cal. 4th 88, 100, 194 P.3d 1026, 1032 (2008). However, Defendants have not shown that the voluntary pursuit of administrative remedies is mandatory for equitable tolling to apply to civil detainees such as Plaintiff. Therefore, the Court does not find the lack of Plaintiff's voluntary pursuit of some kind of alternative, administrative remedy to be dispositive here.

"Because the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it is not generally amenable to resolution on a Rule 12(b)(6) motion." Supermail Cargo, Inc. v. United States., 68 F.3d 1204, 1206 (9th Cir. 1995) (internal citations

9

1  and quotation marks omitted); see also Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d
2  1131, 1140 (9th Cir. 2001) (stating that, "only in the rare case" could the analysis of California's
3  equitable tolling doctrine proceed at the pleading stage). "A motion to dismiss based on the
4  running of the statute of limitations period may be granted only if the assertions of the complaint,
5  read with the required liberality, would not permit the plaintiff to prove that the statute was
6  tolled." Supermail Cargo, Inc., 68 F.3d at 1206 (internal citations and quotation marks omitted).
7  Here, Plaintiff has pleaded that his conditions of confinement as a civil detainee inhibit his
8  ability to conduct litigation, even beyond the internet and computer-related regulations that he
9  challenges in this case. He alleges that telephone books and newspapers are prohibited, and that
10 fees must be paid for phone calls, collect telephone calls are only available at exorbitant rates,
11 and AT&T no longer will make collect calls. These issues have allegedly caused Plaintiff
12 difficulties in contacting and obtaining an attorney or expert witnesses. Plaintiff also alleges that
13 he is blocked from receiving legal services and advice without payment in advance, and that he
14 lacks funds.

15       The Court finds that it cannot determine from the face of the complaint that Plaintiff is
16 barred by the statute of limitations. Plaintiff is a civil detainee who is proceeding pro se in this
17 action, and has made some allegations that affect the issue of equitable tolling. Further, it
18 appears Plaintiff has been continuously confined either in prison or in state mental health
19 facilities, including CSH, for some years. Therefore, under Jones, some degree of equitable
20 tolling is warranted based simply on that confinement. For these reasons, Plaintiff's motion to
21 dismiss based on the statute of limitations should be denied, without prejudice.

22       **c.  Defendant Brown**

23       Next, Defendant Brown moves to dismiss the claim against him under the Eleventh
24 Amendment, and because there are no allegations of his personal involvement in violating
25 Plaintiff's constitutional rights.

26       "The Eleventh Amendment erects a general bar against federal lawsuits brought against a
27 state." Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003). This bar generally applies to suits
28

against state officials. See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 73 (1996); Cory v. White, 457 U.S. 85, 90-91 (1982).

The Supreme Court held in Ex parte Young that state officials can, in some circumstances, be sued to enjoin violations of federal law. 209 U.S. 123 (1908). This exception to sovereign immunity applies when lawsuits are brought against state officers in their official capacities for an injunction prohibiting future violations of federal law. Such "official-capacity actions for prospective relief are not treated as actions against the State" for purposes of the Eleventh Amendment. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 n.10 (1989) (internal quotation marks omitted).

For the Ex Parte Young exception to apply, the state officer "must have some connection with the enforcement of the act" to be enjoined. 209 U.S. at 157. The connection "must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." Coal. to Defend Affirmative Action v. Brown, 674 F.3d 1128, 1134 (9th Cir. 2012) (quoting L.A. Cnty. Bar Ass'n v. Eu, 979 F.2d 697, 704 (9th Cir. 1992)). As a result, courts generally hold that governors do not fall within the Ex Parte Young exception by virtue of their general state supervisory and administrative powers. See Nat'l Audubon Soc'y, Inc. v. Davis, 307 F.3d 835, 846-47 (9th Cir. 2002) (citing and discussing cases); NAACP v. L.A. Unified Sch. Dist., 714 F.2d 946, 953 (9th Cir. 1983) (dismissing governor as his powers were limited to making general policy and budget recommendations and administrative appointments, and a general duty to see that the laws of the state are faithfully executed).

Here, Plaintiff's claim against Governor Brown is based on generalized allegations that he, along with the other defendants, "have promulgated and enforced" the regulations which violate his constitutional rights. (Compl. ¶¶ 23-35.) Plaintiff also generally argues in his opposition that Governor Brown is "a responsible party" for the regulations that have wronged him, without indicating any specific involvement by the Governor. (Pl.'s Opp'n, ECF No. 18, at 1.) Defendants further argue that the Court should take notice of the statutory scheme here, which vests only the State Department of State Hospitals ("DSH") with the authority to

promulgate and enforce the regulations which are the subject to this suit. Under the California Welfare and Institutions Code, "all of the institutions under the jurisdiction of the [DSH] shall be governed by uniform rule and regulation of the [DSH]. . . ." Cal. Welf. & Inst. Code § 4101. DSH is further given general control over the "property and concerns of each state hospital," including the authority to establish bylaws, rules, and regulations deemed necessary, and to carry such regulations into effect. See id. at § 4109. Further, the DSH is required to submit its regulations to the Office of Administrative Law for review, not Governor Brown. Cal. Gov't Code § 11340.1(a).

Based on the foregoing, Governor Brown is not directly connected with the promulgation or enforcement of the regulations at issue in this case. "Thus, the Governor's general duty to enforce California law under the circumstances of this case does not establish the requisite connection between him and the unconstitutional acts alleged by" Plaintiff. NAACP, 714 F.2d at 953. Therefore, Governor Brown should be dismissed from this action, as Plaintiff's claim is barred by the Eleventh Amendment, and the Ex parte Young exception does not apply. Given the pertinent regulations in these circumstances, and Plaintiff's lack of any showing that his claim is based on anything other than the Governor's general duty to enforce the law here, this deficiency cannot be cured by amendment.

## IV.

## CONCLUSION AND RECOMMENDATION

For the reasons explained above, it is HEREBY RECOMMENDED that:

1. Defendants Ahlin and Brown's motion to dismiss, filed on October 2, 2017 (ECF No. 16), be granted in part, as discussed above;

2. Governor Brown be dismissed from this action because the claim against him is barred by the Eleventh Amendment; and

3. Defendant Price's motion to dismiss, filed on December 19, 2017 (ECF No. 26), be denied, in its entirety.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty**

**(30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 19, 2018**

UNITED STATES MAGISTRATE JUDGE