# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM CONSIGLIO, JR.,<br><br>   Plaintiff,<br><br>vs.<br><br>EDMUND G. BROWN, et al.,<br><br>   Defendants. | Case No.: 1:16-cv-01268-AWI-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br>(Doc. Nos. 47, 48)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT AHLIN AND BROWN'S MOTION TO DISMISS<br>(Doc. No. 16)<br><br>ORDER DENYING DEFENDANT PRICE'S MOTION TO DISMISS<br>(Doc. No. 26)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND TO HALT THE DESTRUCTION OF PROPERTY<br>(Doc. Nos. 31, 36) |

### I.  Background

Plaintiff Sam Consiglio, Jr., is a civil detainee at Coalinga State Hospital ("CSH"), proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's claim that a ban on certain electronic devices at CSH pursuant to 9 C.C.R. § 891 ("Section 891") (which prohibits non-LPS patients, such as sexually violent

1

predators, from having any access to the internet) and 9 C.C.R. § 4350 ("Section 4350") (which prohibits all patients in the custody of state hospitals from possessing any electronic devices with wireless capabilities, including but not limited to cell phones, computers, PDAs, electronic gaming devices, and graphing calculators with internet capabilities), amounts to punishment in violation of the Fourteenth Amendment. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 2, 2017, Defendants Brown and Ahlin filed a motion to dismiss. (Doc. No. 16.) On December 19, 2017, Defendant Price, then-recently substituted as a defendant in this action, also filed a motion to dismiss. (Doc. No. 26.) Defendants argued that Plaintiff's complaint is barred by the statute of limitations, and that the Eleventh Amendment bars the claim against Governor Brown. Further, Section 4350 was amended in January 2018, and Defendant Price argued in a reply brief that the change in the law moots this action. (Reply, Doc. No. 46, at 2-4.)

On February 2, 2018, Plaintiff filed a motion for a temporary restraining order. (Doc. No. 31.) Shortly thereafter, on February 22, 2018, Plaintiff filed a motion to order defendant to halt the destruction and discarding of property. (Doc. No. 36.)

On July 20, 2018, the Magistrate Judge filed findings and recommendations recommending that Defendants Brown and Ahlin's motion to dismiss be granted in part, such that Governor Brown be dismissed from this action under the Eleventh Amendment. (Doc. No. 47.) The Magistrate Judge otherwise recommended that the motions to dismiss be denied. Specifically, the Magistrate Judge determined that the amendment to Section 4350 did not moot this action, (*id.* at 5-7), and that it cannot be determined from the face of the complaint that the action is barred by the statute of limitations, (*id*. at 7-10). Shortly thereafter, on July 24, 2018, the Magistrate Judge issued findings and recommendations recommending that Plaintiff's motion for a temporary restraining order and motion to halt the destruction and discarding of patient property both be denied. (Doc. No. 48.)

Each of the findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within thirty days after service. (Doc. No. 47,

at 12-13; Doc. No. 48, at 9-10.) On July 30, 2018, Plaintiff filed a statement of non-opposition to the findings and recommendations regarding Defendants' motions to dismiss. (Doc. No. 50.) On August 20, 2018, Defendants Ahlin and Price timely filed objections to the same findings and recommendations. (Doc. No. 51.) On August 23, 2018, Plaintiff timely filed objections to the findings and recommendations recommending denials of his motion for a temporary restraining order and motion to halt the destruction and discarding of patient property. (Doc. No. 53.)

## II.     Motions to Dismiss

The Court first addresses the recommendations and objections regarding Defendants' motions to dismiss. Defendants (and Plaintiff) do not object to the recommendation to dismiss Governor Brown. However, Defendants argue that the Magistrate Judge erred in not finding this case moot, and in declining to find that the complaint should be dismissed as untimely. In the alternative, Defendants request the opportunity to submit additional briefing on these matters.

### A.     Mootness

Plaintiff raised the amendments to Section 4350 in his opposition to Defendant Price's motion to dismiss in support of an argument that he was continuing to be harmed by the challenged ban on electronic devices with internet capabilities in that regulation. (Pl.'s Opp'n, Doc. No. 43.) Defendant Price's reply brief argued that the complaint challenges Section 4350 only as it existed when Plaintiff filed his complaint, and since the law was subsequently amended, this case no longer constitutes a live controversy. (Reply 3-4.) The Magistrate Judge found that the amended version of Section 4350 contains the same ban that Plaintiff's complaint challenges, and therefore his claim is not moot.

In the objections, Defendants Ahlin and Price discuss that on August 3, 2018, the California Department of State Hospitals ("DSH") posted additional amendments to Section 4350 that have not yet been adopted. Defendants request that the Court take judicial notice of the fact that the current version of Section 4350, as amended in January 2018, allows supervised computer access. Further, if the August 2018 proposed regulations are adopted, Section 4350 will continue to allow supervised computer access. Therefore, Defendants argue that the

3

findings and recommendations should be rejected for overlooking the impact of this fact on the complaint, as it renders this case moot.

While the cited subsection (d) of Section 4350 gives hospitals "the discretion to permit items to be accessible to patients on a supervised basis only," (Proposed Regulation Text, Doc. No. 51-1, at 18), DSH explains that this is meant to allow hospitals flexibility in using electronic devices for therapeutic purposes, (DSH Initial Statement of Reasons, Doc. No. 51-1, at 34). Further, DSH explains that "[n]othing in this provision would require a hospital to permit even supervised access of electronic items to patients." Id. That hospitals may, but are under no circumstances required to, permit use of some electronic devices for some limited purposes does not undermine the finding by the Magistrate Judge that the ban which Plaintiff challenges in this case remains in Section 4350. The fact that Defendants may voluntarily decide not to enforce the ban does not render this case moot, as the court retains the power to determine the legality of the challenged practice unless it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189 (2000); Akina v. Hawaii, 835 F.3d 1003, 1010 (9th Cir. 2016); see also Knox v. Serv. Employees Int'l Union, Local 1000, 567 U.S. 298, 307 (2012) ("The voluntary cessation of challenged conduct does not ordinarily render a case moot because a dismissal for mootness would permit a resumption of the challenged conduct as soon as the case is dismissed.").

Defendants also argue that this case is moot because Plaintiff only seeks to set aside the 2009 version of Section 4350, leaving the 2018 version to apply, which may not afford Plaintiff the ability to access or obtain a personal computer. They argue that a ruling in this case may therefore be an impermissible advisory opinion concerning the validity of Section 4350 as amended. In support, they cite *Hoch v. Sanzberro*, 723 Fed. App'x 513 (9th Cir. 2018).

This action is distinguishable from *Hoch*. In that case, Cory Hoch, a patient civilly detained in a California state hospital, challenged the seizure of his laptop under the Fourth Amendment. Id. at 514. Among other relief, he sought a declaratory judgment regarding the taking and retention of his property. Id. On appeal, the Ninth Circuit found that the current

4

version of Section 4350 mooted Hoch's request for a declaratory judgment regarding his privacy rights in internet-capable electronic devices, because those devices are now banned, and therefore he had no ongoing interest in his privacy rights regarding such devices. Id. The Ninth Circuit further found that any declaration of Hoch's privacy rights in non-electronic personal effects or his room would be an advisory opinion on facts not at issue, as the case arose from his storage of patient-restricted materials on his laptop, not from these non-electronic matters. Id. The Ninth Circuit also rejected Hoch's request to invalidate California's electronic-device ban as unconstitutional because Hoch raised the request for the first time in his reply brief on appeal. Id.

Here, unlike in *Hoch*, Plaintiff claims that the ban in Sections 891 and 4350 is unconstitutional on Fourteenth Amendment grounds, rather than challenging his privacy rights in and the taking of a laptop under particular circumstances. Whereas Hoch sought a declaratory judgment regarding privacy rights in certain property, Plaintiff in this case seeks for the challenged regulations themselves to be declared unconstitutional and for injunctive relief preventing the enforcement of those regulations. Thus, *Hoch* does not support finding that the Court is incapable of rendering relief to Plaintiff in this case, or that it is in danger of issuing an advisory opinion regarding facts not at issue.

An action "becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." Chafin v. Chafin, 568 U.S. 165, 171 (2013) (quoting Knox, 567 U.S. at 307-08); Bayer v. Neiman Marcus Grp., Inc., 861 F.3d 853, 862 (9th Cir. 2017). "The question is not whether the precise relief sought at the time the case was filed is still available, but whether there can be any effective relief." Bayer, 861 F.3d at 862 (quoting McCormack v. Herzog, 788 F.3d 1017, 1024 (9th Cir. 2015) (quotation marks omitted)). "The party asserting mootness bears the heavy burden of establishing that there remains no effective relief a court can provide." Id. (quoting Forest Guardians v. Johanns, 450 F.3d 455, 461 (9th Cir. 2006)).

"Although we are only permitted to interpret the old statutory provision that is before us, if the new statutory provision has manifestly not changed the law, a controversy arising under the

old statutory provision will be capable of repetition under the new one. If so, the controversy is not moot." Independent Living Ctr. of S. Cal., Inc. v. Maxwell-Jolly, 590 F.3d 725, 729 (9th Cir. 2009); Matter of Bunker Ltd. P'ship, 820 F.2d 308, 312 (9th Cir. 1987); see also Northeast Fla. Ch. of Associated Gen. Contractors of Am. v. City of Jacksonville, 508 U.S. 656, 662 & n.3 (1993); Pacific Northwest Venison Producers v. Smitch, 20 F.3d 1008, 1011 (9th Cir. 1994); National Ass'n of Neighborhood Health Centers, Inc. v. Mathews, 551 F.2d 321, 339 (D.C. Cir. 1976). Defendants have not carried their burden to show that the amendment of Section 4350 has mooted the ability of the Court to grant equitable relief to Plaintiff. This is not a situation in which the challenged law, statute, or regulation has been repealed and the plaintiff merely challenges some hypothetical possibility that a ban will be re-enacted. The amended version of Section 4350, and the proposed August 2018 amendments, contain the same language prohibiting "[e]lectronic devices with the capability to connect to a wired . . . and/or a wireless . . . communications network to send and/or receive information . . . including . . . devices without native capabilities that can be modified for network communication" as the version that Plaintiff challenges in his 2017 complaint. Cf. Section 4350 prior to Jan. 2018 amendment, Decl. of Lisa Tillman, Doc. No. 26-2, Ex. 2, with Emergency Regulation Text, Doc. No. 46-1, at 9, and with Proposed Regulation Text, Doc. No. 51-1, at 16.

Defendants request leave to submit further briefing on this issue since it arose after the original motion to dismiss was filed, but as they have now argued the matter twice and in detail, the Court finds no further briefing necessary. Defendants have not shown that this matter is moot.

          **B.**    **Tolling of Statute of Limitations**

The Magistrate Judge determined that a confined civil detainee may take advantage of California's equitable tolling doctrine. The Magistrate Judge further found that the application of equitable tolling in this case depends on facts that could not be determined from the complaint alone. Therefore, the Magistrate Judge recommended denying Defendants' motions to dismiss based on the statute of limitations, without prejudice. (Doc. No. 47, at 7-10.)

Defendants argue that the findings and recommendations were issued without the benefit of considering a new California Court of Appeals decision, *Austin v. Medicis*, 21 Cal.App.5th 577 (March 21, 2018). In that decision, the California Court of Appeals for the Second District held as a matter of first impression that statutory tolling under § 352.1 would only apply to a prisoner serving a term of imprisonment in state prison, and not to a local jail inmate in pretrial custody. *Id*. at 597. Plaintiff in this case is not a prisoner serving a term of imprisonment on a criminal charge, but instead is a civil detainee. Therefore, Defendants argue that Plaintiff is not entitled to statutory tolling under § 352.1, and the Court should reject the findings and recommendations and find that Plaintiff's claim is barred by the statute of limitations.

As the Magistrate Judge acknowledged, by its terms § 352.1 does not apply to civil detainees. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). Nevertheless, regardless of whether a plaintiff is entitled to the automatic statutory tolling provisions of § 352.1, California's doctrine of equitable tolling may still extend the running of the statute of limitations. Id. at 927-28. Equitable tolling "operates independently of the literal wording of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." *Id*. at 928 (quoting Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003)). The Ninth Circuit further explained in *Jones* that "civil detainees litigate under serious disadvantages. The civilly confined are limited in their ability to interview witnesses and gather evidence, their access to legal materials, their ability to retain counsel, and their ability to monitor the progress of their lawsuit and keep abreast of procedural deadlines." Id. at 929 (citing Rand v. Rowland, 154 F.3d 952, 958 (9th Cir. 1998)). Therefore, "California's equitable tolling doctrine operates to toll a statute of limitations for a claim asserted by a continuously confined civil detainee who has pursued his claim in good faith." Id. at 930.

In this case, Plaintiff submitted a declaration that on November 29, 2012, he was committed to CSH by the San Diego Superior Court, and arrived at the hospital on December 12, 2012. (Pl.'s Decl., Doc. No. 43, at 8 ¶ 1.) It does not appear to be in dispute that Plaintiff has been continuously civilly confined since that time. Plaintiff has further alleged a lack of resources due to his civil confinement, such as no telephone books or newspapers and limited

phone calls, impacting his ability to seek attorneys or expert witnesses, and limited access to other legal services. In support of a showing that Plaintiff attempted to pursue his claim in good faith, he declares that he first discovered that the challenged regulations prevented him from purchasing a computer in late 2015, and he then promptly sought judicial relief in court. Id. at 8-9, ¶¶ 3-4. The complaint in this case was filed on August 26, 2016. Doc. No. 1. Finding that there may be some disputed facts and a further inquiry necessary regarding equitable tolling in this case, the Magistrate Judge recommended denial of the motion to dismiss on statute of limitations grounds. The Court finds no error in that analysis.

Defendants seek to be permitted to file additional briefing on the *Austin* decision and its application to this action. The Court finds no additional briefing on that case is necessary. As discussed above, that decision impacts whether automatic statutory tolling under § 352.1 applies to a detainee, and the Court agrees that such tolling does not automatically apply to civil detainees. Nevertheless, the Ninth Circuit has found that a civil detainee in Plaintiff's circumstances may be entitled to equitable tolling, and if Defendants intend to raise the statute of limitations defense, the parties must present evidence on the issue.

**III. Motions for Temporary Restraining Order/To Halt Destruction of Property**

Finally, the Court addresses Plaintiff's objections regarding his motion for a temporary restraining order and related motion regarding an order to prevent the destruction of patient property.

Plaintiff argues that he has shown that he is likely to succeed on the merits of his claim based on *Packingham v. North Carolina*, ⎯⎯ U.S. ⎯⎯, 137 S. Ct. 1730 (2017). *Packingham* involved a First Amendment challenge to a North Carolina statute that prohibited all sex offenders from accessing social media websites. The Supreme Court found that the statute was overbroad. The Court finds *Packingham* distinguishable from the instant case involving regulations for electronic devices and internet access to civilly-detained persons who have been adjudicated as sexually violent predators under California law. *Packingham* does not persuade the Court that Plaintiff is likely to succeed on the merits of his claim in this action.

Plaintiff further argues that he has shown irreparable harm and that the balance of equities tips in his favor due to the lack of a hearing prior to the seizure of personal property under the regulations. He also argues that there is a public interest in protecting anyone's constitutional rights, and that the Court must consider the potential hardships facing his friends and family members caused by the property seizures.

Plaintiff's arguments are not persuasive. The Magistrate Judge considered the evidence submitted, including that Plaintiff was presented an opportunity to submit to a search so that his property could be stored or mailed to a designated location. Further, the Magistrate Judge considered the purposes of the regulations under the circumstances, as supported by evidence of the harms caused by the admitted incidents of the use of personal computers and other electronic devices for illicit activities, and found that Plaintiff did not meet his high burden here. Plaintiff has shown no error in that analysis.

Plaintiff also raises arguments based on copyright infringement, the fair use doctrine, and the Family Entertainment and Copyright Act of 2005, 17 U.S.C. § 101 *et al.*, that the Court finds irrelevant to this action.

### IV. Conclusion

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court concludes that the Magistrate Judge's Findings and Recommendations issued on July 20, 2018 and July 24, 2018, are each supported by the record and by proper analysis.

### **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations filed on July 20, 2018, (Doc. No. 47), are adopted in full;
2. Defendants Ahlin and Brown's motion to dismiss, filed on October 2, 2017 (Doc. No. 16), is granted in part;
3. Governor Brown is dismissed from this action because the claim against him is barred by the Eleventh Amendment;

4. Defendant Price's motion to dismiss, filed on December 19, 2017 (Doc. No. 26) is denied, in its entirety;

5. This case now proceeds on Plaintiff's claim against Defendants Ahlin and Price, in their official capacities, that a ban on certain electronic devices at CSH pursuant to 9 C.C.R. § 891 and 9 C.C.R. § 4350 amounts to punishment in violation of the Fourteenth Amendment;

6. Plaintiff's motion for a temporary restraining order, filed on February 2, 2018 (Doc. No. 31), is denied;

7. Plaintiff's motion for court to order defendant to halt the destruction and discarding of patient property, filed on February 22, 2018 (Doc. No. 36), is denied; and

8. This matter is referred back to the Magistrate Judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: September 6, 2018

SENIOR DISTRICT JUDGE