# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SAM CONSIGLIO, JR.,<br><br>      Plaintiff,<br><br>    vs.<br><br>EDMUND G. BROWN, et al.,<br><br>      Defendants. | Case No.: 1:16-cv-01268-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF DENIAL OF REQUEST FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 59] |

Plaintiff Sam Consiglio, Jr., is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. In this case, Plaintiff asserts that a ban on certain electronic devices at CSH pursuant to 9 C.C.R. § 891 ("Section 891") (which prohibits non-LPS patients, such as sexually violent predators, from having any access to the internet) and 9 C.C.R. § 4350 ("Section 4350") (which prohibits all patients in the custody of state hospitals from possessing any electronic devices with wireless capabilities, including but not limited to cell phones, computers, PDAs, electronic gaming devices, and graphing calculators with internet capabilities), amounts to punishment in violation of the Fourteenth Amendment.

In Plaintiff's complaint, he made a request for the appointment of counsel. (ECF No. 1, at 7.) On April 10, 2017, that request was denied, without prejudice. (ECF No. 8, at 13-14.) On February 20, 2018, Plaintiff made a second requires for the appointment of counsel. (ECF No. 34.) On February 23, 2018, that request was denied, without prejudice. (ECF No. 37.)

Currently before the Court is Plaintiff's motion to reconsider the denial of his request for the appointment of counsel, filed on November 2, 2018. (ECF No. 59.)

Reconsideration motions are committed to the discretion of the trial court. <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); <u>Combs v. Nick Garin Trucking</u>, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. <u>See</u>, <u>e.g.</u>, <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F. Supp. 656, 665 (E.D. Cal. 1986), <u>aff'd</u> <u>in</u> <u>part</u> <u>and</u> <u>rev'd</u> <u>in</u> <u>part</u> <u>on</u> <u>other</u> <u>grounds</u>, 828 F.2d 514 (9th Cir. 1987).

As Plaintiff was previously advised, he does not have a constitutional right to appointed counsel in this action. <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997). The court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." <u>Id</u>. (internal quotation marks and citations omitted).

In the instant motion, Plaintiff presents the same arguments raised and considered by the Court in denying his prior requests for appointment of counsel. As stated in the Court's February 23, 2018, order, the record reflects that Plaintiff can adequately articulate his claim despite the limitations imposed upon him as a civil detainee. While a *pro se* litigant may be better served with the assistance of counsel, so long as a *pro se* litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. <u>Rand</u>, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that *pro se* litigant "may well have fared better-

particularly in the realm of discovery and the securing of expert testimony.") Plaintiff has demonstrated, based on the record in this case, that he can represent himself.

Plaintiff has also not shown anything in the record that makes this case "exceptional" or the issues in it particularly complex. Nor does the Court find any likelihood of success on the merits. The Court evaluated Plaintiff's likelihood of success in its July 24, 2018 findings and recommendations on his motion for preliminary injunction, and for the reasons explained found that Plaintiff did not demonstrate that he is likely to prevail on his claim. (See ECF No. 48, at 3-6.) Plaintiff's motion for reconsideration does not demonstrate otherwise.

In sum, Plaintiff has not shown that the Court committed clear error, or presented the Court with new information of a strongly convincing nature, to induce the Court to reverse its prior decision. Accordingly, Plaintiff's motion for reconsideration filed on November 2, 2018 (ECF No. 59), is HEREBY DENIED.


IT IS SO ORDERED.

Dated:  __**November 5, 2018**__

_____
UNITED STATES MAGISTRATE JUDGE