# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM CONSIGLIO, JR.,<br><br>           Plaintiff,<br><br>vs.<br><br>EDMUND G. BROWN, et al.,<br><br>           Defendants. | Case No.: 1:16-cv-01268-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EVIDENTIARY HEARING<br><br>(ECF No. 64) |

Plaintiff Sam Consiglio, Jr., is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's claim against Defendants Ahlin and Price, in their official capacities, that a ban on certain electronic devices at CSH pursuant to 9 C.C.R. § 891 and 9 C.C.R. § 4350 amounts to punishment in violation of the Fourteenth Amendment. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's motion for an evidentiary hearing, filed on January 2, 2019. (ECF No. 64.) No response to the motion was filed, and the matter is deemed submitted. Local Rule 230(l).

Plaintiff states that a defendant in this matter has been emotionally abusing him for years, and that staff was ordered to confiscate his property. Specifically, a small fan was confiscated

| | |
|---|---|
| 1 | from him and not returned, and he requires the fan for his heart condition. He seeks an |
| 2 | evidentiary hearing. |
| 3 | The pendency of this action does not give the Court jurisdiction over prison officials in |
| 4 | general. Summers v. Earth Island Institute, 555 U.S. 488, 491–93, 129 S. Ct. 1142, 173 L. Ed. |
| 5 | 2d 1 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's |
| 6 | jurisdiction is limited to the parties in this action and to the viable legal claims upon which this |
| 7 | action is proceeding. Summers, 555 U.S. at 491–93; Mayfield, 599 F.3d at 969. |
| 8 | There is no pending motion in this case for which a hearing is required, and the issue of |
| 9 | Plaintiff's fan is not related to the claim being pursued in this matter. Thus, the Court does not |
| 10 | find it appropriate to hold any evidentiary hearing, and Plaintiff's request will be denied. To the |
| 11 | extent that Plaintiff is facing health issues, he is encouraged to contact his health care providers |
| 12 | for assistance. |
| 13 | Accordingly, Plaintiff's motion for an evidentiary hearing, filed on January 2, 2019 (ECF |
| 14 | No. 64), is HEREBY DENIED. |

IT IS SO ORDERED.

Dated: **January 24, 2019**

_____
UNITED STATES MAGISTRATE JUDGE