# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM CONSIGLIO, JR., <br><br> Plaintiff, <br><br> vs. <br><br> EDMUND G. BROWN, et al., <br><br> Defendants. | Case No.: 1:16-cv-01268-AWI-SAB (PC) <br><br> ORDER REGARDING PLAINTIFF'S NOTICE OF APPEAL OF MAGISTRATE JUDGE'S REFUSAL TO GRANT REQUEST FOR APPOINTMENT OF COUNSEL <br><br> (Doc. No. 61) |

**I.      Introduction**

Plaintiff Sam Consiglio, Jr., is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 20, 2018, Plaintiff made a request for the appointment of counsel, arguing that his legal materials were confiscated, which interfered with his ability to litigate this matter. (Doc. No. 34.) On February 23, 2018, the assigned magistrate judge denied the request, without prejudice. (Doc. No. 37.) Considering the relevant factors, the magistrate judge found that Plaintiff's property issue was not sufficient alone to show the extraordinary circumstances necessary to begin the search for voluntary counsel. (*Id*. at 2.) Instead, the magistrate judge granted Plaintiff free copies of filings in this matter to allow him to work on a pending deadline, and granted an extension of time of that deadline. (*Id*.)

On November 2, 2018, Plaintiff filed a motion to reconsider the denial of his request for the appointment of counsel. (Doc. No. 59.) On November 5, 2018, the assigned magistrate judge erroneously concluded that the motion was directed to that judge, and considering Plaintiff's arguments and the record, denied the motion to reconsider. (Doc. No. 60.)

Currently before the Court is Plaintiff's notice of appeal of the magistrate judge's decision to deny the appointment of counsel, filed on November 15, 2018. (Doc. No. 61.) The Court construes the notice as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60.

## II.   Motion for Reconsideration

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . . " exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision. *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted).

Plaintiff asserts in his motion that he is certain that he will prevail on the merits if he were appointed counsel in this action. He further argues that he cannot win this action without

2

counsel, and that the magistrate judge denied his prior requests for the appointment of counsel due to prejudice.

Considering the record and Plaintiff's arguments, the Court finds no clear error in the assigned magistrate judge's ruling. The magistrate judge evaluated the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of legal issues involved. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). The record shows that Plaintiff can adequately articulate his claim, having stated a cognizable claim and survived a motion to dismiss the claim in part. However, considering the record and, specifically, the filings related to Plaintiff's motion for preliminary injunction, which was denied by the undersigned, the magistrate judge found that Plaintiff has not shown a likelihood of success on the merits. Plaintiff has shown no error in that determination.

Further, the Court finds no showing of prejudice by the assigned magistrate judge. Judicial rulings that are not in a party's favor are almost never sufficient to show that a judge is not impartial. *See Liteky v. United States*, 510 U.S. 540, 555-56 (1994). As noted above, the magistrate judge's rulings on this issue, although not in Plaintiff's favor, are supported by findings from the record and proper analysis, and do not evidence prejudice to Plaintiff.

**III. Conclusion**

Accordingly, Plaintiff's notice of appeal of the magistrate judge's denial of his request for appointed counsel, filed on November 15, 2018 (Doc. No. 61) is construed as a motion for reconsideration, and is HEREBY DENIED.

IT IS SO ORDERED.

Dated: February 25, 2019

SENIOR DISTRICT JUDGE