1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                      EASTERN DISTRICT OF CALIFORNIA

10

11    SAM CONSIGLIO, JR.,                    Case No. 1:16-cv-01268-AWI-SAB (PC)

12              Plaintiff,                    ORDER DIRECTING PLAINTIFF TO FILE A
                                             RESPONSE TO DEFENDANTS' EX PARTE
13        v.                                  MOTION TO MODIFY RULE 28 AND
                                             DEFENDANTS' AMENDED EX PARTE
14    EDMUND G. BROWN, et al.,                MOTION TO MODIFY RULE 28

15              Defendants.                   (ECF Nos. 68, 69)

16

17           Plaintiff Sam Consiglio, Jr. is a civil detainee proceeding *pro se* and *in forma pauperis* in

18    this civil rights action pursuant to 42 U.S.C. § 1983.

19           On March 21, 2019, Defendants filed an ex parte motion to modify Rule 28 of the Federal

20    Rules of Civil Procedure to permit the court reporter to attend Plaintiff's deposition, which will

21    occur via videoconferencing, outside of Plaintiff's presence. (ECF No. 68.) In their motion,

22    Defendants request that, since Department of State Hospitals, Coalinga ("DSH, Coalinga") does

23    not have the resources to provide staff to attend and ensure the safety of a court reporter during a

24    deposition held on its grounds, the Court should issue an order modifying Rule 28 and permitting

25    the court reporter to administer the oath, transcribe the testimony, and perform any other official

26    duties during Plaintiff's deposition from Defendants' counsel's office.

27           On March 22, 2019, Defendants filed an amended ex parte motion to modify Rule 28 to

28    permit the court reporter to attend Plaintiff's deposition, which will occur via videoconferencing,

                                              1

outside of Plaintiff's presence.  (ECF No. 69.)  In the amended motion, Defendants request that, because DSH, Coalinga does not have the resources to provide staff to attend and ensure the safety of a court reporter during a deposition held on its grounds and the videoconferencing system used by DSH, Coalinga does not match or interface with the videoconferencing system used by Defendants' counsel's office, the Court should issue an order modifying Rule 28 and permitting the court reporter to administer the oath, transcribe the testimony, and perform any other official duties during Plaintiff's deposition from the office of Esquire Deposition Solutions in Sacramento, California, with Defendants' counsel also present in the same office of Esquire Deposition Solutions.

However, the Local Rules of the Eastern District of California recognize limited situations in which ex parte applications may be filed: an initial extension of time where a stipulation cannot reasonably be obtained (L.R. 144(c)); applications to shorten time (L.R. 144(e)); injunctive relief (L.R. 231); receivers (L.R. 232); and default judgment (L.R. 540).  Since Defendants' ex parte motion to modify Rule 28 does not fall within one of these limited situations and Defendants' motions were served on Plaintiff, the Court declines to decide Defendants' motions ex parte. Additionally, because no order shortening time was requested nor was the motion personally served on Plaintiff due to the nature of the request and relied sought, the Court further declines to decide the matter without an opportunity for the Plaintiff to be heard.

Instead, the Court finds that it is appropriate to require Plaintiff to file a response to Defendants' motions within twenty-one days from service of this order.  No extensions will be granted after that date as the issue is quite limited.  Further, if Plaintiff files an opposition to Defendants' motions, Defendants may file a reply as permitted by Local Rule 230(l).  The Court acknowledges that Plaintiff's deposition is currently scheduled for April 2, 2019 and that the time allotted to Plaintiff to file a response to Defendants' motions will not lapse until after that date. Therefore, the Court determines that the April 2, 2019 deposition of Plaintiff will not go forward unless Defendants' counsel and the court reporter are physically present in the same location as Plaintiff at DSH, Coalinga at the time of the deposition.  If the April 2, 2019 deposition of Plaintiff does not go forward, then the Court will re-set Plaintiff's deposition after the Court rules

on Defendants' motion.

Based on the foregoing, the Court HEREBY ORDERS that:

1.     Plaintiff shall file a response to Defendants' original and amended motions to modify Rule 28 of the Federal Rules of Civil Procedure within **twenty-one (21) days** from the date of service of this order;

2.     If Plaintiff files an opposition to Defendants' Rule 28 motions, Defendants may file a reply as permitted by Local Rule 230(l);

3.     Plaintiff's April 2, 2019 deposition shall not forward unless Defendants' counsel and the court reporter are physically present in the same location as Plaintiff at DSH, Coalinga at the time of the deposition; and

4.     If the noticed April 2, 2019 deposition does not go forward, the Court will re-set Plaintiff's deposition after the Court rules on Defendants' Rule 28 motions.

IT IS SO ORDERED.

Dated:   **March 26, 2019**                                      

UNITED STATES MAGISTRATE JUDGE