# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM CONSIGLIO, JR., <br><br> Plaintiff, <br><br> v. <br><br> EDMUND G. BROWN, et al., <br><br> Defendants. | Case No. 1:16-cv-01268-AWI-SAB (PC) <br><br> FINDINGS AND RECOMMENDATIONS TO GRANT WITHOUT LEAVE TO AMEND DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND TO DENY PLAINTIFF'S REQUEST FOR SANCTIONS <br><br> (ECF Nos. 67, 73, 74) <br><br> **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Sam Consiglio, Jr. is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants Brandon Price's and Pamela Ahlin's motion for judgment on the pleadings, filed on March 19, 2019. (ECF No. 67.)

**I.**

**INTRODUCTION**

Plaintiff is a civil detainee committed to the California Department of State Hospitals ("DSH") pursuant to California's Sexually Violent Predator Act. Cal. Welf. & Inst. Code § 6600 *et seq*. Plaintiff is currently housed at Department of State Hospitals – Coalinga ("DSH-C").

On August 26, 2016, Plaintiff initiated this action. (ECF No. 1.) This action proceeds on Plaintiff's claim that California Code of Regulations, title 9, §§ 891 and 4350 amount to punishment

1

in violation of the Fourteenth Amendment against Defendants Brandon Price, the Executive Director of DSH-C, and Pamela Ahlin, the Director of DSH, in their official capacities.[1] (ECF Nos. 8, 9, 12.)

On October 2, 2017 and December 18, 2017, Defendants Ahlin and Price each filed motions to dismiss the instant action, arguing, among other things, that Plaintiff's claim is barred by the applicable statute of limitations. (ECF Nos. 16, 26, 46.) On September 6, 2018, the Court denied, without prejudice, Defendants Ahlin's and Price's motions to dismiss based on the statute of limitations. (ECF No. 54.) The Court found that Defendants failed to establish that Plaintiff's claim was barred by the statute of limitations because the application of equitable tolling depended on facts that could not be determined from the complaint alone. (Id. at 6.)

On September 18, 2018, Defendants Ahlin and Price filed an answer to Plaintiff's complaint. (ECF No. 57.)

On March 19, 2019, Defendants Ahlin and Price filed a motion for judgment on the pleadings. (ECF No. 67.) On April 24, 2019, Plaintiff filed an opposition to Defendants' motion for judgment on the pleadings. (ECF No. 73.) As part of his opposition, Plaintiff requests that the Court sanction Defendants because Defendants have committed perjury. (Id. at 4-6.) On April 30, 2019, Defendants Ahlin and Price filed a reply to Plaintiff's opposition. (ECF No. 74.) Accordingly, Defendants' motion for judgment on the pleadings and Plaintiff's request for sanctions are deemed submitted for review without oral argument. Local Rule 230(l).

## II.

## DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

### A.     Legal Standards

Defendants move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on the ground that Plaintiff's complaint fails to state a claim upon which relief can be granted because Plaintiff's claim is barred by the statute of limitations. "Because a Rule 12(c) motion is

---

[1] Audrey King, the former Executive Director of DSH-C, was formerly a party to this action, but Brandon Price was substituted as the new Executive Director. Fed. R. Civ. P. 25(d) (when a public officer who has been sued in her official capacity leaves office, "[t]he officer's successor is automatically substituted as a party."). (ECF No. 25.)

functionally identical to a Rule 12(b)(6) motion, the same standard of review applies to motions brought under either rule." Gregg v. Hawaii, Dep't of Public Safety, 870 F.3d 883, 887 (9th Cir. 2017) (internal quotation marks and citations omitted).

In considering a motion for judgment on the pleadings, the Court must "accept all factual allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving party." TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999) Further, since consideration of matters outside of the pleading converts a Rule 12(c) motion for judgment on the pleadings into a summary judgment motion, the general rule is that a district court may not consider any material beyond the pleadings in deciding a Rule 12(c) motion. Lee v City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). However, there are two exceptions to the general rule barring consideration of extrinsic evidence in deciding a motion for judgment on the pleadings. First, a court may consider "material which is properly submitted as a part of the complaint[.]" Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). Under the first exception, a court may consider all material physically attached to the complaint and material that is not physically attached to the complaint if the material's "authenticity … is not contested and the plaintiff's complaint necessarily relies" on the material. Lee, 250 F.3d at 688. Second, a court may consider all material of which it may appropriately take judicial notice of pursuant to Federal Rule of Evidence 201. Id. at 689.

"A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." Gregg, 870 F.3d at 887 (internal quotation marks and citations omitted). Additionally, judgment on the pleadings on statute of limitations grounds can be granted pursuant to Rule 12(c) "only if the assertions of the complaint, read with the required liberality," and the extrinsic evidence that a court can properly consider in deciding a Rule 12(c) motion "would not permit the plaintiff to prove that the statute was tolled." TwoRivers, 174 F.3d at 991.

**B.  Summary of the Relevant Allegations of Plaintiff's Complaint**

As noted above, Plaintiff has been civilly committed to the custody of DSH pursuant to the California Sexually Violent Predator Act. Cal. Welf. & Inst. Code § 6600 *et seq*. At all times relevant, Plaintiff is a non-LPS patient who has been housed at DSH-C.

Prior to 2009, patients at DSH-C were permitted to own and possess personal computers, but were prohibited from owning or possessing hardware, software, accessories, or other media that allowed communication with other individuals by computer or electronic device via any form of wired or wireless capability. As such, patients' personal computers were required to be modified to eliminate any capability of communication with other individuals by computer or electronic device via any form of wired or wireless capability.

In October 2009, DSH promulgated California Code of Regulations, title 9, § 4350, which banned patient use of personal computers and electronic devices with wireless capabilities and effectively declared items already in the possession of patients to be contraband. Additionally, California Code of Regulations, title 9, § 891 states: "Non-LPS patients shall not have access to the Internet."

According to Plaintiff, the internet is a patchwork of information from all possible sources, most of them being purveyors of information and other lawful products offered in interstate (or worldwide) commerce. Plaintiff alleges that, due to Sections 891 and 4350, he is prevented by defendants from seeking out available attorneys and/or experts to help him defend himself against spurious accusations of being a so-called "sexually violent predator." Plaintiff states that access to information is unreasonably restricted at DSH-C because telephone books and local newspapers are prohibited, even though both are available to prisoners, and other methods of obtaining information are only available if fees are paid. Collect telephone calls are only available at exorbitant rates, and AT&T will no longer even make collect calls. Further, there are no law books at DSH-C (except for Shepard's citations), DSH-C stopped buying advance sheets from WestLaw and Matthew Bender years ago, and Plaintiff can only access legal materials via a computer kiosk run from a server loaded with Lexis-Nexis discs. Plaintiff cannot access case law from states other than California. Further, due to Sections 891 and 4350, Plaintiff cannot e-mail a law professor or a law school in order to ask any questions about a legal problem. Therefore, Plaintiff is blocked from receiving legal services and advice without payment in advance, but Plaintiff is without funds.

Accordingly, since Sections 891 and 4350 are arbitrary and capricious and oppressive and are designed to curtail the flow of information, Plaintiff contends that Sections 891 and 4350 violate

1 | his rights under the Due Process Clause of the Fourteenth Amendment.

**C.  Request for Judicial Notice**

Federal Rule of Evidence 201(d) permits the Court to "take judicial notice at any stage of the proceeding." "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

First, Defendants request that the Court take judicial notice of DSH-C's statement of its patient population, located on its public website at http://www.dsh.ca.gov/Coalinga/default.aspx; Administrative Directive 654; a 2007 DSH-C memorandum concerning its moratorium on patients' computers; the excerpted page 7 of DSH's Notice of Emergency Amendments to Section 4350, issued in December 2017; the excerpted page 2 of the DSH's Notice of Emergency Amendments to Section 4350, issued in January 2018; DSH-C's contraband list, issued in August 2012; DSH's statewide contraband list, issued in February 2014, and DSH's statewide contraband list, issued in April 2014.  (Defendants' Request for Judicial Notice ("RJN"), Exhibits 1, 3, & 5-10; ECF No. 67-3.)

With regards to DSH-C's statement of its patient population, the Court may take judicial notice of information obtained from government websites. See United States v. Garcia, 855 F.3d 615, 621 (4th Cir. 2017); Denius v. Dunlap, 330 F.3d 919, 926-27 (7th Cir. 2003).  With regards to Administrative Directive 654, the 2007 DSH-C memorandum, the 2012 DSH-C contraband list, and both of the 2014 DSH statewide contraband lists, the Court may take judicial notice of records of a state agency that are not subject to reasonable dispute.  Brown v. Valoff, 422 F.3d 926, 931 n.7 (9th Cir. 2005).  With regards to the two excerpted pages from the DSH 2017 and 2018 Notices of Emergency Amendments to Section 4350, the Court may take judicial notice of documents that are publicly filed with the administrative agency.  Nw. Envtl. Advocates v. E.P.A., 537 F.3d 1006, 1026-27 (9th Cir. 2008) (taking judicial notice of contents of E.P.A.'s request for public comment). Therefore, since the authenticity of the documents and information is not questioned by any party and the facts contained therein are not subject to reasonable dispute, the Court takes judicial notice

of Exhibits 1, 3, and 5 through 10 of Defendants' RJN.

Second, Defendants request that the Court take judicial notice of two facts: (1) that DSH promulgated California Code of Regulations, title 9, § 891 in 2003; and (2) that DSH promulgated California Code of Regulations, title 9, section 4350 in 2009. (Defendants' RJN, Exhibits 2 and 4.) Since the regulations themselves and the facts regarding when the regulations were promulgated are matters of public record that are not subject to reasonable dispute, the Court takes judicial notice of Exhibits 2 and 4 of Defendants' RJN. Toth v. Grand Trunk R.R., 306 F.3d 335, 349 (6th Cir. 2002).

Third, Defendants request that the Court take judicial notice of: (1) the complaint, screening order, docket, and judgment in Consiglio v. King, Case No. 1:15-cv-00969-BAM (E.D. Cal.); (2) Plaintiff's declaration attached to Plaintiff's opposition to Defendant Price's motion to dismiss, filed on March 23, 2018, in the instant action; and (3) the court dockets of eleven other federal and California state actions filed by Plaintiff. (Defendants' RJN, Exhibits 11-24.) Since the Court may judicially notice court records of federal and California state actions, the Court takes judicial notice of the case dockets, documents, and records as requested by Defendants in Exhibits 11 through 24 of Defendants' RJN. Porter v. Ollison, 620 F.3d 952, 954-55 (9th Cir. 2010) (courts may properly take judicial notice of state court dockets and pleadings); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 743, 746 n.6 (9th Cir. 2006) (courts may properly take judicial notice of federal court dockets and documents).

**D.     Timeliness of Defendants' Motion for Judgment on the Pleadings**

Federal Rule of Civil Procedure 12(c) states that: "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."

Here, Plaintiff contends that Defendants' motion for judgment on the pleadings is untimely and improper because the pleadings in this action are not closed. "For purposes of Rule 12(c), the pleadings are 'closed' only when the parties have filed all of the pleadings Rule 7(a) contemplates." Norcal Gold, Inc. v. Laubly, 543 F. Supp. 2d 1132, 1135. Federal Rule of Civil Procedure 7(a) states, in relevant part, that only the following pleadings are allowed: a complaint, an answer to a complaint, and, if the court orders one, a reply to an answer.

6

In this case, Plaintiff filed his complaint on August 26, 2016. (ECF No. 1.) On September 18, 2018, Defendants Ahlin and Price filed their answer to Plaintiff's complaint. (ECF No. 57.) The Court did not order Plaintiff to file a reply to Defendants' answer. Therefore, pleadings in this case were closed before Defendants filed their motion for judgment on the pleadings on March 19, 2019. (ECF No. 67.) Further, since there is no trial date currently set in this action, the Court determines that Defendants' motion was filed early enough not to delay trial. Consequently, Defendants' motion for judgment on the pleadings was timely filed and is properly before this Court.

### E.  Statute of Limitations

Defendants Ahlin and Price contend that Plaintiff's complaint fails to state any cognizable claim for relief because the complaint is barred by the applicable two-year statute of limitations and Plaintiff is not entitled to equitable tolling on the basis of his detainee status. In his opposition, Plaintiff asserts that Defendants' claims that his complaint is barred by the applicable statute of limitations and that he is not entitled to equitable tolling are not true and that Jones v. Blanas, 393 F.3d 918 (9th Cir. 2004), precludes Defendants' claims and protects Plaintiff.[2]

Initially, the Court begins by determining when Plaintiff's claim that California Code of Regulations, title 9, §§ 891 and 4350 amount to punishment in violation of the Fourteenth Amendment accrued. "[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." Wallace v. Kato, 549 U.S. 384, 388 (2007). Pursuant to "federal rules conforming in general to common-law tort principles[,]" "it is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the

---

[2] In his opposition, Plaintiff also contends that Defendants' motion for judgment on the pleadings should be denied because the Supreme Court's decision in Packingham v. North Carolina, 137 S. Ct. 1730 (2017), establishes that Sections 891 and 4350 are unconstitutional, and because Defendants' admissions in their discovery responses that there is no widespread child pornography epidemic at DSH-C establish that Sections 891 and 4350 are barbaric and legally arbitrary and capricious. However, Plaintiff's arguments regarding the merits of his Fourteenth Amendment claim are irrelevant because the Court does not consider the merits of a claim when deciding whether a claim is barred by the applicable statute of limitations. See Lukovsky v. City & County of San Francisco, 535 F.3d 1044, 1046 (9th Cir. 2008) ("We do not consider the merits of the plaintiffs' allegations, however, as the only issue before us is whether their claims are barred by the statute of limitations[.]").

plaintiff can file suit and obtain relief." Id. (internal quotation marks, brackets and citations omitted). Put another way, "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." TwoRivers, 174 F.3d at 991.

In 2003, DSH promulgated California Code of Regulations, title 9, § 891, which provides that: "Non-LPS patients shall not have access to the Internet." In October 2009, DSH promulgated California Code of Regulations, title 9, § 4350. "Section 4350 prohibits Sexually Violent Predators … who have been civilly committed to a DSH-operated hospital from possessing electronic devices, including personal laptops, capable of connecting to a wired or wireless communications network." Allen v. King, 741 F. App'x 463 (9th Cir. 2018). Finally, Plaintiff alleges that the San Diego County Superior Court committed him to DSH-C on November 29, 2012 and that he arrived at DSH-C on December 12, 2012. (Defendants' RJN, Exhibit 24, ECF No. 67-3, at 129, ¶ 1.)

Therefore, by the time that Plaintiff arrived at DSH-C in 2012, DSH had promulgated Sections 891 and 4350 in 2003 and 2009. Since individuals are presumed to have knowledge of duly enacted regulations, Plaintiff knew, or had reason to know, that Sections 891 and 4350 banned him from possessing a personal computer which had any form of wired and/or wireless capability to connect to the Internet on the date that Plaintiff arrived at DSH-C. See Luna v. Holder, 659 F.3d 753, 759-60 (9th Cir. 2011) (presuming aliens had notice of duly enacted federal regulations). Accordingly, Plaintiff's Fourteenth Amendment claim accrued on December 12, 2012.

Next, in order to determine whether the statute of limitations ran on Plaintiff's Fourteenth Amendment claim, the Court applies California's "statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law. Thus, California's statute of limitations for assault, battery, and other personal injury claims applies to [Plaintiff's] § 1983 claims unless it is inconsistent with federal law. The current version of that statute, which became effective on January 1, 2003, provides that personal injury actions must be brought within two years after the cause of action arose." Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007) (internal quotation marks, brackets, citations omitted); Cal. Civ. Proc. Code § 335.1.

In this case, Plaintiff filed the instant action on August 26, 2016, roughly three years and

eight months after Plaintiff's Fourteenth Amendment claim accrued on December 12, 2012. Therefore, Plaintiff's Fourteenth Amendment claim is time-barred unless Plaintiff is entitled to more than one and a half years of equitable tolling.

"Equitable tolling under California law operates independently of the literal wording of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." Jones, 393 F.3d at 928 (citations and internal quotation marks omitted). Therefore, "California courts apply equitable tolling to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice." Id. (citations and internal quotation marks omitted).

        1.      Equitable Tolling Pursuant to *Jones v. Blanas*

Initially, Plaintiff argues that he is entitled to equitable tolling pursuant to the Ninth Circuit decision in Jones v. Blanas, 393 F.3d 918 (9th Cir. 2004). In Jones, the plaintiff was a civil detainee who had been incarcerated in the Sacramento County Jail for more than two years while "awaiting proceedings under California's Sexually Violent Predator Act." Id. at 922. The Ninth Circuit noted that, "[f]or roughly the first year of his time at the County Jail … Jones was housed with the general criminal population of the Jail[]" and, as such, the plaintiff was subject to the same obstacles to litigation as those of a criminal inmate. Id. at 924. For the remainder of his time at the jail, Jones was held in "T-Sep", where the plaintiff's access to the law library and to visitors was limited even further and, thus, plaintiff had more obstacles to litigation than the general criminal population. Id. at 929. Due to Jones' conditions of confinement, the Ninth Circuit Court of Appeals held that equitable tolling was appropriate so that "a continuously confined civil detainee who has pursued his claim in good faith[]" would not be placed in a worse situation than an incarcerated criminal inmate who would be entitled to two years of tolling pursuant to California Code of Civil Procedure § 352.1. Id. at 928, 930.

In this case, Plaintiff alleges in his complaint that, at all times relevant, he has been confined as a civil detainee at DSH-C since Plaintiff arrived at DSH-C on December 12, 2012. Further, Plaintiff asserts in his complaint that telephone books and local newspapers are prohibited even though both are readily accessible to state prisoners, collect telephone calls, if the telephone

company will even make collect calls, are available only at exorbitant rates, there are no law books, except for Shepard's citations, DSH-C does not buy advance sheets from WestLaw publishing and Matthew Bender, Plaintiff can only access legal research through computer kiosks run from a server loaded with Lexis-Nexis discs, and Plaintiff cannot access case law from other states.

However, these allegations do not establish that Plaintiff was continuously confined in "conditions of confinement that would make the filing of a lawsuit practically impossible even for a trained attorney[]" after his claim accrued like the plaintiff in Jones was. Further, between December 12, 2012, the day that Plaintiff arrived at DSH-C and Plaintiff's Fourteenth Amendment claim accrued, and August 26, 2016, the day that the instant action was filed, Plaintiff filed a total of nine separate actions in federal and state court: a petition for writ of habeas corpus in the U.S. District Court for the Eastern District of California,[3] two petitions for writ of habeas corpus in the Fresno County Superior Court,[4] a petition for writ of certiorari in the U.S. Supreme Court,[5] three small claims civil actions in the Fresno County Superior Court,[6] and two civil rights actions pursuant to 42 U.S.C. § 1983 in the U.S. District Court for the Eastern District of California.[7] (Defendants' RJN, Exhibits 11-19.) In fact, in one of the nine actions filed by Plaintiff during the period between December 12, 2012 and August 26, 2016 – Consiglio v. King, Case No. 1:15-cv-00969-BAM – Plaintiff explicitly raised a claim that Defendant Audrey King, then-Executive Director of DSH-C, violated Plaintiff's First Amendment right to purchase a computer with Internet access. (Defendants' RJN, Exhibit 14, ECF No. 67-3, at 71.)

Therefore, given Plaintiff's established ability to litigate multiple actions during the time

---

[3] Consiglio v. Cal. Dep't of State Hospitals, Case No. 2:13-cv-00157-GEB-KJN (E.D. Cal. 2013).
[4] Sam Consiglio v. Robert Withrow, Case No. 16CRWR683063 (Cal. Super. Ct. Fresno County 2016); Sam Consiglio v. Robert Withrow, Case No. 15CRWR682987 (Cal. Super. Ct. Fresno County 2015).
[5] Consiglio v. Cal. Dep't of State Hospitals, 136 S. Ct. 1674 (U.S. April 18, 2016) (Case No. 15-8165).
[6] Sam Consiglio v. Chris Grijalva, et al., Case No. 16CESC00405 (Cal. Super. Ct. Fresno County 2016); Sam Consiglio v. Kenneth Bell, Case No. 15CESC00138 (Cal. Super. Ct. Fresno County 2015); Sam Consiglio v. Sergeant K. Bell, Case No. 14CESC02476 (Cal. Super. Ct. Fresno County 2014).
[7] Consiglio v. Withdrow, Case No. 1:15-cv-01804-MJS (E.D. Cal. 2015); Consiglio v. King, Case No. 1:15-cv-00969-BAM (E.D. Cal. 2015).

period between when Plaintiff arrived at DSH-C and when he filed the instant action, it is clear that Plaintiff was not confined in conditions that prevented him from timely filing this action like the plaintiff in Jones was. Accordingly, the Court finds that Plaintiff has not "pursued his claim in good faith." Jones, 393 F.3d at 930; see Hubbs v. County of San Bernardino, No. 8-989, 2011 WL 13143499, at *7-*8 (C.D. Cal. May 17, 2011), report and recommendation adopted as modified, 2011 WL 13143500, at *2 (C.D. Cal. Sept. 28, 2011), aff'd 519 F. App'x 468 (9th Cir. 2013) (finding that civil detainee was not entitled to equitable tolling because, since plaintiff litigated multiple actions during the relevant time period, plaintiff established that he had ability to work on litigation while detained at the state hospital and, thus, plaintiff did not pursue his claim in good faith under Jones v. Blanas); Schmidt v. U.S., No. S-09-660 LKK-GGH-PS, 2010 WL 2179904, at * (E.D. Cal. May 27, 2010) (stating that, since plaintiff was representing himself in a Texas court and was able to file serial habeas actions in the Fifth Circuit while he was incarcerated as a civil detainee, plaintiff was not entitled to equitable tolling because "he did not suffer the inability to file actions concerning [his current claim] while in prison."). Consequently, Plaintiff is not entitled to equitable tolling of the statute of limitations under the Ninth Circuit's decision in Jones v. Blanas, 393 F.3d 918 (9th Cir. 2004).

2. Equitable Tolling Pursuant to California's General Doctrine of Equitable Tolling

Next, the Court must consider whether Plaintiff is entitled to equitable tolling pursuant to California's general doctrine of equitable tolling. "The general doctrine of equitable tolling suspends the running of a statute of limitations when a plaintiff, possessing *several legal remedies*, reasonably and in good faith pursues one designed to lessen the extent of his injuries or damages." Dimcheff v. Bay Valley Pizza, Inc., 84 F. App'x 981, 983 (9th Cir. 2004). "Under California law, tolling is appropriate in a later suit when an earlier suit was filed and where the record shows: (1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to the defendant in gathering evidence to defendant against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim." Azer v. Connell, 306 F.3d 930, 936 (9th Cir. 2002) (citation and internal quotation marks omitted); see also Fink v. Shedler, 192 F.3d 911, 916 (9th Cir. 1999). A plaintiff is only entitled to equitable tolling if all three prongs of the test are

satisfied.  Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1140 (9th Cir. 2001).

Prior to filing the instant action, Plaintiff filed Consiglio v. King, Case No. 1:15-cv-00969-BAM, in the U.S. District Court for the Eastern District of California.  In Consiglio v. King, Plaintiff contended that Defendant Audrey King, then-Executive Director of DSH-C, violated his First Amendment right to purchase a computer with the capability to access the Internet.  (Defendants' RJN, Exhibit 14, ECF No. 67-3, at 71.)  However, while a statute of limitations in one forum may be equitably tolled while a plaintiff pursues a claim in another forum, the general doctrine of equitable tolling does not apply when a party pursues nearly identical claims in the *same* forum, such as here.  Martell v. Antelope Valley Hosp. Med. Ctr., 67 Cal. App. 4th 978, 985.

Further, even if the general doctrine of equitable tolling applied when a party pursued nearly identical claims in the same forum, it is clear that the first prong of the three-prong general equitable tolling test cannot be satisfied.  The first prong of the general equitable tolling test, timely notice, "requires that plaintiff have filed the first claim within the statutory period[]" and the first claim "must alert the defendant in the second claim of the need to begin investigating the facts which form the basis for the second claim."  Id. at 1138.  In this case, since Consiglio v. King was filed on June 26, 2015, roughly two years and six months after Plaintiff's Fourteenth Amendment claim accrued on December 12, 2012, it does not appear that Plaintiff filed Consiglio v. King within the applicable statute of limitations.  (Defendants' RJN, Exhibit 14, ECF No. 67-3, at 66.)  Further, even presuming that Consiglio v. King was filed with the statute of limitations, since Consiglio v. King was never served on Defendant King before the case was voluntarily dismissed on August 31, 2016, Consiglio v. King did not alert the defendants in the instant action – Defendants Ahlin and Price – "of the need to begin investigating the facts which form the basis for the second claim."  Daviton, 241 F.3d at 1138.

Therefore, the Court finds that Plaintiff is not entitled to any tolling under the general doctrine of equitable tolling for the length of time that Consiglio v. King was pending in the U.S. District Court for the Eastern District of California.

3. Equitable Tolling Pursuant to *Bollinger v. Nat'l Fire Ins. Co.*

Finally, the Court must consider whether Plaintiff is entitled to equitable tolling pursuant to

Bollinger v. Nat'l Fire Ins. Co., 25 Cal. 2d 399 (1944). Unlike the general doctrine of equitable tolling, Bollinger applies when a plaintiff refiles the same or virtually identical claims in the same forum and "seeks equitable relief from the statute of limitations." Dimcheff, 84 F. App'x at 983. "[T]hree elements [must] be present before the Bollinger rule of equitable tolling will apply: (1) the plaintiff must have diligently pursued his or her claim; (2) the fact that the plaintiff is left without a judicial forum for resolution of the claim must be attributable to forces outside the control of the plaintiff; and (3) the defendant must not be prejudiced by application of the doctrine (which is normally not a factor since the defendant will have had notice of the first action)." Hull v. Central Pathology Service Med. Clinic, 28 Cal. App. 4th 1328, 1336 (Cal. Ct. App. 1994).

In this case, since Consiglio v. King, Case No. 1:15-cv-00969-BAM, and the instant action both allege claims challenging DSH-C's ban on patient possession of computers with the capability to access the Internet and both actions were filed in the U.S. District Court for the Eastern District of California, it is clear that Consiglio v. King and the instant action raise virtually identical claims in the same forum. However, Plaintiff cannot satisfy the second element of the Bollinger rule because he voluntarily dismissed Consiglio v. King. (Defendants' RJN, Exhibit 14, ECF No. 67-3, at 72-76.) Martell, 67 Cal. App. 4th at 985-86. Therefore, the Court finds that Plaintiff is not entitled to any equitable tolling pursuant to the Bollinger rule.

Consequently, as Plaintiff is not entitled to any equitable tolling, the statute of limitations applicable to Plaintiff's Fourteenth Amendment claim lapsed on December 12, 2014, two years after Plaintiff's claim accrued on December 12, 2012. Since Plaintiff did not file the instant action until August 26, 2016, Plaintiff's Fourteenth Amendment claim is time-barred. Accordingly, Defendants' motion for judgment on the pleadings must be granted and Plaintiff's complaint must be dismissed.

### F. Leave to Amend Would Be Futile

Although Federal Rule of Civil Procedure 12(c) does not mention leave to amend, courts have discretion to grant motions for judgment on the pleadings with leave to amend. Gregg, 870 F.3d at 889 (9th Cir. 2017) (finding that, while district court properly granted defendant's motion for judgment on the pleadings based on statute of limitations grounds, district court erred in denying

plaintiff leave to amend). "Under Federal Rule of Civil Procedure 15(a), leave to amend shall be freely given when justice so requires. However, the district court may exercise its discretion to deny leave to amend due to undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party …, and futility of amendment." Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 892 (9th Cir. 2010) (citations and internal quotation marks and brackets omitted); see also Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[I]n dismissing for failure to state a claim under Rule 12(b)(6), a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.") (citation and internal quotation marks omitted).

In this case, the allegations of Plaintiff's complaint and judicially noticeable facts establish that, as a matter of law, Plaintiff's Fourteenth Amendment claim is time-barred, and Plaintiff is not entitled to any equitable tolling pursuant to Jones v. Blanas, California's general doctrine of equitable tolling, or Bollinger v. Nat'l Fire Ins. Co. Therefore, the Court finds that Plaintiff's complaint could not possibly be cured by the allegation of other facts. "Because any amendment would be futile, there [is] no need to prolong the litigation by" granting leave to amend. Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) Accordingly, Plaintiff's complaint should be dismissed without leave to amend.

## III.

## PLAINTIFF'S REQUEST FOR SANCTIONS

In his opposition to Defendants' motion for judgment on the pleadings, Plaintiff asserts that, since the Defendants have committed perjury before the Court, the Court should sanction Defendants by striking Defendants' pleadings and defenses and completely reversing the Court's orders sustaining Defendants' arguments and accusations. (ECF No. 73, at 4-6.) Plaintiff contends that, since Defendants have admitted in their discovery responses that only 17 patients have been convicted of possessing child pornography at DSH-C and two hospital staff members have been prosecuted for smuggling child pornography for sale to certain DSH-C patients, there is no widespread child pornography epidemic at DSH-C, as the Defendants allege, and, thus, all of

Defendants' pleadings contain perjured or false statements. The Court interprets Plaintiff's request as a request for sanctions pursuant to Federal Rule of Civil Procedure 11.

"Under Federal Rule of Civil Procedure 11, sanctions may be imposed if a party or their attorney submits a pleading to the court which is submitted for an improper purpose, is frivolous, has no evidentiary support, or is not warranted by the evidence." Washington v. Young, No. 2:16-cv-1341 JAM DB P, 2019 WL 950252, at *2 (E.D. Cal. Feb. 27, 2019). However, since Plaintiff's request for sanctions was made in his opposition to Defendants' motion for judgment on the pleadings, Plaintiff's request is procedurally improper. Rule 11 provides that a motion for sanctions under Rule 11 "must be made separately from any other motion[.]" Fed. R. Civ. P. 11(c)(2). Therefore, Plaintiff's request for sanctions must be denied.

## IV.

## CONCLUSION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion for judgment on the pleadings, (ECF No. 67), be GRANTED WITHOUT LEAVE TO AMEND;
2. The instant action be dismissed with prejudice; and
3. Plaintiff's request for sanctions in his opposition to Defendants' motion for judgment on the pleadings, (ECF No. 73), be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

///
///
///
///
///
///

15

Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 17, 2019**

UNITED STATES MAGISTRATE JUDGE