| | |
|---|---|
| SAM CONSIGLIO, JR., <br> Plaintiff, <br> v. <br> EDMUND G. BROWN, et al., <br> Defendants. | Case No. 1:16-cv-01268-AWI-SAB (PC) <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR PUNITIVE SANCTIONS AGAINST DEFENDANTS FOR COMMISSION OF WILLFUL PERJURY AND GRANTING IN PART AND DENYING AS MOOT IN PART DEFENDANTS' MOTION FOR PROTECTIVE ORDER <br><br> (ECF Nos. 78, 79) |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

Plaintiff Sam Consiglio, Jr. is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court are Plaintiff's motion for punitive sanctions against Defendants for commission of willful perjury, filed on June 5, 2019. Also before the Court is Defendants Ahlin's and Price's motion for a protective order or, in the alternative, for a stay of deadline for response to Plaintiff's motion to compel, to enlarge time for discovery, and to impose sanctions, filed on June 12, 2019. (ECF Nos. 78, 79.) Although Defendants have not had an opportunity to respond to Plaintiff's motion and Plaintiff has not had an opportunity to respond to Defendants' motion, the Court finds that responses are unnecessary and deems both Plaintiff's motion and Defendants' motion submitted for decision. Local Rule 230(l).

///

1

# I.

# INTRODUCTION

This action proceeds on Plaintiff's claim against Defendants, in their official capacities, that California Code of Regulations, title 9, §§ 891 and 4350 amount to punishment in violation of the Fourteenth Amendment as alleged in his complaint. (ECF Nos. 8, 9, 12, 25.)

On March 19, 2019, Defendants filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on the ground that Plaintiff's complaint fails to state a claim upon which relief can be granted because the complaint is barred by the statute of limitations. (ECF No. 67.)

On May 17, 2019, this Court issued Findings and Recommendations recommending that Defendants' motion for judgment on the pleadings be granted without leave to amend, that the instant action be dismissed with prejudice, and that Plaintiff's request for sanctions be denied. (ECF No. 75.) The Findings and Recommendations were served on all parties and contained notice that any objections thereto were to be filed within thirty (30) days after service. (Id.)

On May 22, 2019, Plaintiff filed a motion to compel discovery, a motion for leave to file a second set of interrogatories and a second request for production of documents, and a motion for enlargement of time to complete discovery. (ECF No. 76.)

On June 5, 2019, Plaintiff filed objections to the undersigned's Findings and Recommendations to grant without leave to amend Defendants' motion for judgment on the pleadings. (ECF No. 77.) Additionally, on June 5, 2019, Plaintiff filed a motion for punitive sanctions against Defendants for commission of willful perjury. (ECF No. 78.)

On June 12, 2019, Defendants filed a motion for a protective order or, in the alternative, request for stay of deadline for response to Plaintiff's motions to compel, to enlarge time for discovery, and to impose sanctions. (ECF No. 79.)

//
//
///

# II.

# DISCUSSION

### A. Plaintiff's Motion for Punitive Sanctions Against Defendants for Commission of Willful Perjury

Plaintiff contends that evidence provided by Defendants in the discovery process proves that Defendants have committed perjury in their pleadings filed with the Court in this action and establish that the regulations at issue in this action are arbitrary, capricious, and not at all necessary and proper. Plaintiff requests that the Court impose punitive sanctions on Defendants by striking Defendants' pleadings and completely reversing the Court's prior orders sustaining Defendants' arguments and accusations. The Court interprets Plaintiff's motion as a request for sanctions pursuant to Federal Rule of Civil Procedure 11.

"Under Federal Rule of Civil Procedure 11, sanctions may be imposed if a party or their attorney submits a pleading to the court which is submitted for an improper purpose, is frivolous, has no evidentiary support, or is not warranted by the evidence." Washington v. Young, No. 2:16-cv-1341 JAM DB P, 2019 WL 950252, at *2 (E.D. Cal. Feb. 27, 2019). "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d 1336m 1345 (9th Cir. 1988).

Rule 11 places "stringent notice and filing requirements on parties seeking sanctions." Holgate v. Baldwin, 425 F.3d 671, 677 (9th Cir. 2005). Rule 11 contains a "safe harbor" provision, which is strictly enforced. Id. at 678. In order to comply with Rule 11's "safe harbor" provision, Plaintiff was required to serve his Rule 11 motion on the Defendants with a demand for retraction of the allegedly offending allegations, and then to allow Defendants at least twenty-one days to retract the pleading before filing his Rule 11 motion with the Court. See Radcliffe v. Rainbow Const. Co., 254 F.3d 772, 788-89 (9th Cir. 2001). Plaintiff did not follow this procedure.

Originally, Plaintiff filed his request for Rule 11 sanctions as a part of his Opposition to Defendants' motion for judgment on the pleadings. (ECF No. 73, at 4-6.) On May 17, 2019, this Court issued Findings and Recommendations recommending, among other things, that Plaintiff's request for Rule 11 sanctions be denied because Rule 11 requires that "[a] motion for sanctions

must be made separately from any other motion[.]" (ECF No. 75, at 15.) Plaintiff then filed the instant stand-alone motion for Rule 11 sanctions on June 5, 2019, less than 21 days later. (ECF No. 78.) Therefore, Plaintiff could not have complied with the "safe harbor" provision. Consequently, Plaintiff's motion for punitive sanctions against Defendants for commission of willful perjury must be denied.

### B. Defendants' Motion for a Protective Order or, in the alternative, Request for a Stay of Deadline for Response to Plaintiff's Motions

Defendants request that this Court issue a protective order or, alternatively, a stay of Defendants' deadline to respond to Plaintiff's motions to compel discovery, for leave to file a second set of interrogatories and a second request for production of documents, for enlargement of time to complete discovery, and for punitive sanctions against Defendants until their pending motion for judgment on the pleadings is decided. (ECF Nos. 76, 78.) Defendants argue that, since their pending motion for judgment on the pleadings is dispositive of the entire case and the motion for judgment on the pleadings can be decided absent any determination of Plaintiff's pending motions, they should not be burdened with the litigation costs of responding to Plaintiff's motions when those motions will be rendered moot if the District Court adopts the undersigned's Findings and Recommendations.

Federal Rule of Civil Procedure 26(c)(1) provides that any party "from whom discovery is sought may move for a protective order" and "[t]he court may, for good cause, issue an order to protect a party … from annoyance, … or undue burden or expense[.]"

With regards to Defendants' request for a protective order regarding a response to Plaintiff's motion for punitive sanctions against Defendants, since, as discussed above, the Court has already determined that Plaintiff's motion for sanctions must be denied because Plaintiff failed to comply with the "safe harbor" provision, Defendants' request is moot. However, with regards to Defendants' request for a protective order regarding a response to Plaintiff's motions to compel discovery, for leave to file additional discovery, and for enlargement of the time to complete discovery, the Court finds that Defendants have established good cause to not require Defendants to file any responses to Plaintiff's discovery motions because Defendants' pending motion for

4

judgment on the pleadings is potentially dispositive of the entire case and the motion for judgment on the pleadings can be decided without determination of Plaintiff's pending discovery motions. Therefore, the Court will grant in part and deny as moot in part Defendants' motion for a protective order.

## III.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for punitive sanctions against Defendants for commission of willful perjury, (ECF No. 78), is DENIED;

2. Defendants' motion for protective order, (ECF No. 79), is GRANTED IN PART AND DENIED AS MOOT IN PART. Defendants do not have to file a response to Plaintiff's motion to compel discovery, a motion for leave to file a second set of interrogatories and a second request for production of documents, and a motion for enlargement of time to complete discovery, (ECF No. 76), until twenty-one (21) days after the District Court denies, in part or in full, Defendants' motion for judgment on the pleadings, (ECF No. 67).

IT IS SO ORDERED.

Dated: **June 14, 2019**

UNITED STATES MAGISTRATE JUDGE