UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM CONSIGLIO, JR., <br><br> Plaintiff, <br><br> v. <br><br> EDMUND G. BROWN, et al., <br><br> Defendants. | Case No. 1:16-cv-01268-AWI-SAB (PC) <br><br> ORDER DENYING PLAINTIFF'S SECOND MOTION FOR PUNITIVE SANCTIONS AGAINST DEFENDANTS FOR FRIVOLOUS AND VEXATIOUS MOTIONS <br><br> (ECF No. 81) |

Plaintiff Sam Consiglio, Jr. is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second motion for punitive sanctions against Defendants Ahlin and Price for frivolous and vexatious motions, filed on June 24, 2019. (ECF No. 81.) Although Defendants have not had an opportunity to respond to Plaintiff's second motion for sanctions, the Court finds that a response is unnecessary and deems Plaintiff's motion submitted for decision. Local Rule 230(l).

In his second motion for sanctions, Plaintiff moves the Court for imposition of punitive sanctions of the Court's choice against Defendants pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the Court's inherent authority to impose sanctions for bad faith. Plaintiff argues that Defendants' motion for a protective order, or, in the alternative, request for a stay of deadline for response to Plaintiff's motions to compel to enlarge time for discovery, and to impose

1

sanctions is frivolous, vexatious, lacks any legal basis, and was filed in order to delay this action and to satisfy Defendants' malicious motive.

Initially, Plaintiff seeks imposition of sanctions against Defendants pursuant to Federal Rule of Civil Procedure 11. "Under Federal Rule of Civil Procedure 11, sanctions may be imposed if a party or their attorney submits a pleading to the court which is submitted for an improper purpose, is frivolous, has no evidentiary support, or is not warranted by the evidence." Washington v. Young, No. 2:16-cv-1341 JAM DB P, 2019 WL 950252, at *2 (E.D. Cal. Feb. 27, 2019). "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d 1336m 1345 (9th Cir. 1988).

Rule 11 places "stringent notice and filing requirements on parties seeking sanctions." Holgate v. Baldwin, 425 F.3d 671, 677 (9th Cir. 2005). Rule 11 contains a "safe harbor" provision, which is strictly enforced. Id. at 678. In order to comply with Rule 11's "safe harbor" provision, Plaintiff was required to serve his Rule 11 motion for sanctions on the Defendants with a demand for retraction of the allegedly offending motion, and then to allow Defendants at least twenty-one days to retract the pleading before filing his Rule 11 motion with the Court. See Radcliffe v. Rainbow Const. Co., 254 F.3d 772, 788-89 (9th Cir. 2001). Plaintiff did not follow this procedure.

On June 12, 2019, Defendants filed their motion for protective order, or, in the alternative, request for stay of deadline for response to motions to compel, to enlarge time for discovery, and to impose sanctions. (ECF No. 79.) Plaintiff filed the instant second motion for Rule 11 sanctions on June 24, 2019, less than 21 days later. (ECF No. 81.) Therefore, Plaintiff could not have complied with Rule 11's "safe harbor" provision. Consequently, Plaintiff's request for an award of sanctions pursuant to Rule 11 must be denied.

Next, Plaintiff also seeks imposition of sanctions against Defendants pursuant to 28 U.S.C. § 1927 or pursuant to the Court's inherent authority. 28 U.S.C. § 1927 authorizes the imposition of sanctions against "[a]ny attorney … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." However, while the "imposition of Rule 11 sanctions … requires only a showing of objectively unreasonable conduct[,]" Miller v.

Cardinale (In re DeVille), 361 F.3d 539, 548 (quoting Fellheimer, Eichen & Braverman v. Charter Technologies, 57 F.3d 1215, 1225 (3d Cir. 1995), "[a]n award of sanctions under 28 U.S.C. § 1927 or the district court's inherent authority requires a finding of recklessness or bad faith[,]" Barber v. Miller, 146 F.3d 707, 711 (9th Cir. 1998). In this case, Plaintiff argues that the Defendants' motion for protective order was brought in bad faith because Defendants' arguments that the pending motion for judgment on the pleadings will dispose of the entire action and that the U.S. Supreme Court's decision in Packingham v. North Carolina, 528 U.S. ____, 137 S. Ct. 1730 (2017), is not applicable to this action are frivolous.

However, the Court finds that Defendants did not knowingly raise any frivolous arguments in its motion for protective order. Further, even presuming that Defendants' arguments in its motion for protective order were frivolous, Plaintiff has still failed to establish that Defendants raised the arguments in bad faith because the record contains no evidence that Defendants filed their motion in order to harass or vex Plaintiff. See Estate of Blas v. Winkler, 792 F.2d 858, 861 (9th Cir. 1986) (observing that a finding of bad faith is crucial, because a frivolous argument by itself is insufficient to support an award of sanctions under § 1927). Therefore, Plaintiff's request for an award of sanctions pursuant to § 1927 or the Court's inherent authority must be denied.

Accordingly, Plaintiff's second motion for punitive sanctions against Defendants for frivolous and vexatious motions, (ECF No. 81), is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **June 25, 2019**

_____
UNITED STATES MAGISTRATE JUDGE