# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM CONSIGLIO, JR., <br><br> Plaintiff, <br><br> v. <br><br> EDMUND G. BROWN, et al., <br><br> Defendants. | Case No. 1:16-cv-01268-AWI-SAB (PC) <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING WITHOUT LEAVE TO AMEND DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS, AND DISMISSING THE INSTANT ACTION WITH PREJUDICE <br><br> (ECF Nos. 67, 73, 75, 77) |

Plaintiff Sam Consiglio, Jr. is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

This action proceeds on Plaintiff's claim against Defendants Pamela Ahlin and Brandon Price, in their official capacities, that California Code of Regulations, title 9, §§ 891 and 4350 amount to punishment in violation of the Fourteenth Amendment as alleged in his complaint. (ECF Nos. 8, 9, 12, 25.)

On March 19, 2019, Defendants filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on the ground that Plaintiff's complaint fails to state a claim upon which relief can be granted because the complaint is barred by the statute of limitations. (ECF No. 67.) On April 24, 2019, Plaintiff filed an opposition to Defendants' motion for judgment on the pleadings. (ECF No. 73.) As part of his opposition, Plaintiff requests that the Court sanction

Defendants because Defendants have committed perjury. (Id. at 4-6.) On April 30, 2019, Defendants Ahlin and Price filed a reply to Plaintiff's opposition. (ECF No. 74.)

On May 17, 2019, the Magistrate Judge issued Findings and Recommendations recommending that Defendants' motion for judgment on the pleadings be granted without leave to amend, that the instant action be dismissed with prejudice, and that Plaintiff's request for sanctions be denied. (ECF No. 75.) The Findings and Recommendations were served on all parties and contained notice that any objections thereto were to be filed within thirty (30) days after service. (Id.)

On June 5, 2019, Plaintiff filed objections to the Findings and Recommendations. (ECF No. 77.) First, Plaintiff contends that the Findings and Recommendations are clearly erroneous and contrary to law because Defendants have created conditions of confinement at the state hospital that are more restrictive than those under which state prisoners are held, discovery has established that Defendant presented perjured "evidence" to support promulgation of the challenged regulations, and the U.S. Supreme Court's decision in Packingham v. North Carolina, 582 U.S. ___, 137 S. Ct. 1730 (2017), establishes that the challenged regulations are unconstitutional. However, Plaintiff's arguments regarding the merits of his Fourteenth Amendment claim are irrelevant because the Court does not consider the merits of a claim when deciding whether the claim is barred by the applicable statute of limitations. Lukovsky v. City & County of San Francisco, 535 F.3d 1044, 1046 (9th Cir. 2008) ("We do not consider the merits of the plaintiffs' allegations, however, as the only issue before us is whether their claims are barred by the statute of limitations[.]"); Government of Guam v. United States, 744 F.2d 699, 701 (9th Cir. 1984) ("The merit of a claim is irrelevant to operation of the bar of a statute of limitations."). Therefore, Plaintiff's first objection is overruled.

Second, Plaintiff argues that the Findings and Recommendations are clearly erroneous because "every single item of the documentary 'evidence' of which [the Magistrate Judge] took judicial notice are overruled by the United States Supreme Court's decision in Packingham." (ECF No. 77, at 9.) However, nothing in the Packingham decision establishes that the Magistrate Judge erred when he took judicial notice of the Department of State Hospitals – Coalinga's ("DSH-C")

statement of its patient population, of several records from the California Department of State Hospitals and DSH-C, of the dates that California Code of Regulations, title 9, §§ 891 and 4350 were promulgated, and of the court dockets and records of twelve federal or California state actions filed by Plaintiff. Therefore, Plaintiff's second objection is overruled.

Third, Plaintiff contends that the Findings and Recommendations are clearly erroneous and contrary to law because, since he has supported his contention that he did not know nor reasonably have reason to know of his injury until he attempted to purchase a computer, his complaint is timely. However, the Magistrate Judge determined that, since individuals are presumed to have knowledge of duly enacted regulations and California Code of Regulations, title 9, §§ 891 and 4350 had been enacted and were in effect on December 12, 2012, the day that Plaintiff arrived at DSH-C, Plaintiff knew, or had reason to know, of his conditions of confinement at DSH-C, including that Sections 891 and 4350 banned him from possessing a personal computer which had any form of wired and/or wireless capability to connect to the Internet, as of the date that Plaintiff arrived at DSH-C. Consequently, the Magistrate Judge found that Plaintiff's Fourteenth Amendment claim accrued on December 12, 2012. Since the undersigned finds no error in that analysis, Plaintiff's third objection is overruled.

Fourth, Plaintiff contends that the Findings and Recommendations are clearly erroneous and contrary to law because he is entitled to equitable tolling under <u>Jones v. Blanas</u>, 393 F.3d 918 (9th Cir. 2004). Specifically, Plaintiff argues that just because he was transferred to DSH-C before he filed this action does not mean that he had access to legal materials and that, frequently, new arrivals at DSH-C are locked down for months in the so-called Orientation Unit. However, the Magistrate Judge did not find that Plaintiff had access to legal materials just because he was transferred to DSH-C before he filed this action. Instead, the Magistrate Judge found that Plaintiff had access to legal materials and was not confined in conditions that prevented him from timely filing the instant action because Plaintiff litigated numerous actions between December 12, 2012, when Plaintiff arrived at DSH-C and his Fourteenth Amendment claim accrued, and August 26, 2016, the date that Plaintiff filed the instant action. (ECF No. 1.) The Magistrate Judge decided that, since Plaintiff was not confined in conditions that prevented him from timely filing the instant

3

action, Plaintiff has not pursued the instant action in good faith and, thus, Plaintiff was not entitled to equitable tolling pursuant to Jones. As the undersigned finds no error in that analysis, Plaintiff's fourth objection is overruled.

Next, Plaintiff contends that the Findings and Recommendations are clearly erroneous and contrary to law because his complaint is timely under the continuing violation doctrine. The undersigned notes that Plaintiff did not argue in his opposition to Defendants' motion for judgment on the pleadings that his complaint is timely under the continuing violation doctrine. Since Plaintiff is a *pro se* litigant, the Court exercises its discretion to consider Plaintiff's new argument. Akhtar v. Mesa, 698 F.3d 1202, 1208-1209 (district court has discretion, but is not required, to consider evidence or arguments presented for the first time in objections to a magistrate judge's findings and recommendations).

"The continuing violation theory applies to § 1983 actions[.]" Knox v. Davis, 260 F.3d 1009, 1013 (9th Cir. 2001). "Since [Plaintiff] does not allege a system or practice of discrimination, the only way [he] can hope to show a continuing violation is to 'state facts sufficient … [to] support[] a determination that the alleged … [violations] are related closely enough to constitute a continuing violation, and that one or more of the acts falls within the limitations period.' " Id. (citations omitted) However, the Ninth Circuit "has repeatedly held that a mere continuing *impact* from past violations is not actionable." Id. (citations and internal quotation marks omitted).

Plaintiff's Fourteenth Amendment cause of action accrued on December 12, 2012, when he arrived at DSH-C and was subjected to conditions of confinement that included bans on having any access to the Internet and on personally possessing any electronic devices, including computers, that had any wired and/or wireless capability to connect to the Internet due to the regulations challenged in this action. The continuing violation doctrine is inapplicable because Plaintiff has failed to establish that a new violation occurs every day that the bans on access to the Internet and computers with the capability of connecting to the Internet are in effect. Rather, the fact that Plaintiff has been continually prohibited each day from personally possessing a computer that has the capability to connect to the Internet since he arrived at DSH-C is merely the continuing effect of the bans imposed by the enactment of the challenged regulations. Therefore, Plaintiff's fifth

4

objection is overruled.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds that the Magistrate Judge's Findings and Recommendations are supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations issued on May 17, 2019, (ECF No. 75), are adopted in full;
2. Defendants' motion for judgment on the pleadings, (ECF No. 67), is GRANTED WITHOUT LEAVE TO AMEND;
3. Plaintiff's request for sanctions in his Opposition to Defendants' motion for judgment on the pleadings, (ECF No. 73), is DENIED;
4. This action is DISMISSED WITH PREJUDICE; and
5. The Clerk of the Court is directed to enter judgment, vacate as moot all pending motions and deadlines, and close this case.

IT IS SO ORDERED.

Dated:   November 26, 2019

SENIOR DISTRICT JUDGE